CITIZENS STATE BANK OF COUNCIL BLUFFS, APPELLANT, v. GEORGE H. HAYMES ET AL., APPELLEES.

FILED OCTOBER 20, 1898. No. 8325.

Judicial Sale: TITLE OF PURCHASER: EFFECT OF OPENING DECREE. After setting aside a decree under the provisions of section 82, Code of Civil Procedure, upon the application of a non-resident defendant served with notice of the pendency of the action by publication alone, *held* erroneous upon further proceedings to set aside a title acquired by a purchase under the provisions of said decree while in force, especially as the *bona fides* of such purchase was not questioned by any pleading.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Reversed.*

*I. R. Andrews, Stone & Dawson, Charles O. Whedon, Charles E. Magoon* and *Stone & Tinley,* for appellant.

*John N. Baldwin* and *James H. Van Dusen, contra.*

Ryan, C.

On September 6, 1892, the Citizens State Bank of Council Bluffs filed its petition in the district court of Douglas county asking the foreclosure of a mortgage on a certain described lot in the city of Omaha. In the petition it was alleged that the notes secured by the mortgage sought to be foreclosed, as well as the mortgage itself, were made by George H. Haymes, one of the defendants; that other defendants, among whom was George E. Gage, claimed to have an interest in the mortgaged property by virtue of certain deeds held by them, but it was alleged that whatever interest either of said last referred-to defendants had in said mortgaged property was subject and inferior to the said mortgage. Service by publication of the pendency of the action was completed October 7, 1892, upon certain defendants, among whom was said Gage. On December 24, 1892, there was entered of record the default of all the defendants, and on January 6, 1893, there was a decree as prayed. The property affected by the decree was duly advertised and sold for the satisfaction thereof to the Citizens State Bank of Council Bluffs on March 21, 1893. On March 29, 1893, the sale was duly confirmed, and the special master who had conducted it was ordered to make a deed to the purchaser of the premises. On May 3, 1893, there was filed a motion in said court in which George E. Gage asked that the judgment be opened and he be let in to defend for the reasons set forth in his affidavit, which affidavit was in this language: "George E. Gage, being duly sworn, on oath says, that he is the George E. Gage, one of the defendants in the above entitled suit and one of the parties against whom the decree in said cause was rendered; that service was had upon him in said action by publication only; that during the pendency of said action he had no actual notice or knowledge thereof, and that the existence of said action first came to his knowledge after the sale under the decree entered in

said cause was confirmed by the court; and further deponent saith not." There was an answer and cross-petition filed on May 20, 1893, by Gage, in which there was a denial that the Citizens State Bank of Council Bluffs, prior to the notes falling due, or at any time, became the owner, or ever was the owner, of said notes and the mortgage securing the same, and a denial that they were executed for value, but he alleged that they were without consideration. There was a general denial in said answer and cross-petition of every averment in the petition on which there had been a foreclosure, except as such averments were admitted to be true. As a basis for relief in his said answer and cross-petition George E. Gage alleged his ownership of the premises as to which there had been a foreclosure; that service had been made upon him by publication alone; that the property was in the possession of the purchaser under and by virtue of special master's deed made in conformity with the terms of the decree; that at the time of the original institution of the action the Citizens State Bank of Council Bluffs was not the owner of the notes and mortgage foreclosed, or, if it was the owner thereof, it purchased said notes and mortgage subsequent to defaults in the terms thereof, and while knowing that said notes and mortgage were made without consideration and were void; that said bank purchased said property at said sale for the sum of $4,919.38, which sum did not represent its true value, but was very much less than the true value of said property, which was worth not less than $6,000; that said bank was threatening and was about to dispose of said property, to the irreparable injury of the said Gage, whose prayer was, first, for the vacation of the decree and that the prayer of the original petition be denied; second, that the bank be enjoined from selling or conveying the property involved during the pendency of the action; and, third, that the bank be required to reconvey the premises to said Gage; and for equitable relief. On May 25, 1893, the decree was opened. On February 18, 1895 there was

filed an answer and cross-petition by Gage in which were reiterated the averments of that which had been filed on May 20, 1893. The prayer was that the decree be set aside and that the bank be required to reconvey the property to Gage. There was issue joined by a lengthy reply, and on December 20, 1895, there was a decree setting aside the former decree and requiring the bank to reconvey to Gage the mortgaged premises and quieting title to the same in Gage, and the bank appeals.

It is provided in section 82, Code of Civil Procedure, how a judgment rendered on service by publication upon the application of a defendant so served may be set aside. It is, however, provided in said section as follows: "But the title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith shall not be affected by any proceedings under the section." The application to open the judgment was in conformity with the requirements of said section. In the pleading of Gage there was no averment of bad faith in the purchase by the bank. The only fact alleged with reference to the purchase was that the property was bought by the bank for $4,919.38 when it was in fact worth at least $6,000, and this did not impute bad faith, for, if the appraisement was $6,000, the price was more than two-thirds of that sum. By its purchase the bank became vested with title while there was no action pending. (*Scudder v. Sargent*, 15 Neb. 102; *Keene v. Sallenbach*, 15 Neb. 200.) Section 82, Code of Civil Procedure, furnishes a special method whereby certain relief may be had, but this, we think, extends no further than the litigation of matters which could have been properly put in issue anterior to the entry of the original decree. There is a saving clause in this section in favor of the rights of *bona fide* purchasers after decree, but this clause does not provide that the *bona fides* of the purchase may be determined in proceedings authorized by that section. As there was no action pending after the rendition of judg-

ment, an attack upon the validity of the sale made subsequent thereto was a matter independent of any issues involved in the case wherein the non-resident defendant was permitted to defend. His alleged cross-petition, whereby he sought to set aside the deed to the bank, was, therefore, in the nature of an independent action. If without setting aside the decree he had brought an independent action against the bank to set aside its title, he would, without question, have been required to show something more than that the original decree was erroneous. As this was a special proceeding, it should have been strictly pursued according to the terms of the statute giving it. (*Church v. Callihan*, 49 Neb. 542.) Aside from this consideration, it is certainly clear that only such relief can be granted as is warranted by the facts pleaded. It was therefore erroneous to set aside the title of the bank in this case under the facts pleaded, and the judgment of the district court is therefore reversed.

REVERSED AND REMANDED.