SECURITY ABSTRACT OF TITLE COMPANY ET AL. V. JOHN H. LONGACRE, ADMINISTRATOR.

FILED NOVEMBER 3, 1898.   No. 8389.

1. **Judicial Sales:** TITLE: EFFECT OF OPENING DECREE. Setting aside a decree under the provisions of section 82, Code of Civil Procedure, upon the application of a non-resident upon whom service was had of the pendency of the cause by publication, and not otherwise, does not affect the title to the property, the subject of an order or judgment sought to be opened, which by it, or in consequence of it, while in force, shall have passed to a purchaser in good faith; nor can such title be litigated in the action after the decree is set aside, except possibly when the *bona fides* of the purchase is the subject of attack. (Code of Civil Procedure, sec. 82; *Citizens State Bank of Council Bluffs v. Haymes*, 56 Neb. 394.)

2. ——: ——: ——: CONTRACTS. The mere setting aside of such a decree in the manner and for the reasons provided in said section of the Code does not comply or fulfill the terms of an agreement to secure the deed issued after confirmation, and in completion of a sale ordered by the judgment to be vacated, and the property and its title to be settled and fixed in a party to the agreement.

3. Abstracts of Title: LIABILITY OF ABSTRACTER. An abstracter of title is liable to a person for whom he or it has prepared and furnished an abstract of title to property for the damages suffered by such person in consequence of an omission to notice in the abstract an incumbrance against, or matter which affects, the title.

4. ———: ———. A party procured an abstract of title to real estate of which he contemplated the purchase, and, in reliance on the completeness and accuracy of the abstract, made the purchase and, as a part of the consideration, assumed and agreed to pay the debt secured by a mortgage on the premises. He lost all that he apparently purchased,—the title, the property, and its possession,—by a sale, without his knowledge, of the property under the order of a judgment in a suit whose attachment writ had been levied thereon, and of which suit all notice or mention of the pendency had been omitted from the abstract. After this occurred the mortgage on the property was foreclosed, and he was a party to the foreclosure action. He having died prior to the sale, his administrator allowed a sale of the property under the decree therein at a sum less than the amount of the mortgage debt. Such facts *held* to furnish no matter of defense for the abstracter in an action by the administrator for the damages claimed to have accrued by reason of the defect in the abstract.

5. Rulings on Evidence: ASSIGNMENTS OF ERROR. To obtain a review of the admission of evidence the ruling must be assigned in the petition in error.

6. Abstracts of Title: DAMAGES. A peremptory instruction to the jury herein examined, and *held* not erroneous.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J. *Affirmed.*

*I. R. Andrews, H. C. Brome,* and *Brome, Burnett & Jones,* for plaintiffs in error.

*Frick & Dolezal* and *W. J. Courtright, contra.*

HARRISON, C. J.

The Security Abstract of Title Company, plaintiff in error, was during the year 1890 in the business which is indicated by its name,—that of furnishing abstracts of title to real estate,—and its place of business was, as stated in the pleadings, in Douglas county. It had given

the bond required by law. The other parties impleaded with it, now co-plaintiffs in error, were the sureties on the bond. Isaac ·Longacre, a prospective purchaser of a portion of a lot in an addition to the city of Omaha, applied to the company for, and was by it furnished an abstract of title to the property which he purposed purchasing. From the abstract there was omitted any notice, statement, or information of the pendency of an action against the owner in which attachment process had been procured to issue and which had been levied upon said property. The action proceeded to judgment, and under an order for such purpose, the attached property was sold, and in the due course of the further progress of the matter the sale was confirmed, a deed ordered, prepared, executed, and delivered to the purchaser, who took possession of the property. Soon after, the abstract of title was prepared for Isaac Longacre, he, as it is alleged in the petition, relying on the abstract for a knowledge of the true condition of the title, purchased the property and took possession thereof, and had no notice of the pendency of the suit, the attachment, and sale, until after the person who bought at the sale had received a deed from the officer charged with its making, and had taken possession of the property and ousted Isaac Longacre, whose possession was by tenant. Isaac Longacre died subsequent to the occurrences hereinbefore noted. The exact date of his death is not a material fact herein, and the defendant in error was duly appointed administrator of his estate, and instituted this action against the company and its bondsmen to recover the damages which it was asserted had ensued from its negligent performance of the preparation of the abstract of title to the property ordered by Isaac Longacre. Issues were joined, and a trial thereof resulted favorably to the claim of the administrator, and of the judgment in his favor the plaintiffs in error ask a reversal in error proceedings.

When Isaac Longacre discovered that the property

he had been induced to buy in reliance upon the information imparted by the abstract of title, and by or through a cause which was then existent but all mention of which had been omitted from the abstract, was lost to him, he notified the company, complained of its want of care, and threatened suit to recover his damages unless the property was procured for him and with the title as shown in the abstract. It was of the defenses pleaded for the plaintiffs in error that it was agreed that if the company would cause what was styled in the plea the "pretended judgment" in the action wherein the property had been taken and sold under writ of attachment to be vacated, and the sale set aside, Isaac Longacre would be satisfied and make no further claim against the company. For the administrator it is contended that this agreement contained the further element that the company should give him renewed possession of the property. The party defendant in the suit and attachment was William S. Mills, who was a non-resident, and service in the action was made by publication. The purchaser of the property at the sale under attachment was Andrew Kiewit. William S. Mills, at the instance and request of the abstract company and through counsel employed by it, made application as it is provided in section 82 of the Code may be done by a defendant against whom a judgment or decree has been rendered on service by publication, and such proceedings and determinations were had during the course of the hearing of said application that the judgment was vacated and the applicant let in to defend. The action was subsequently dismissed, but this did not fulfill the agreement of the company, as set up in its defense herein, with Isaac Longacre. It neither restored him his property nor title thereto. These still remained with Kiewit, the purchaser at the attachment sale. It is of the provisions of said section 82: "But the title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a pur-

chaser in good faith, shall not be affected by any proceedings under this section." The disposition of the title acquired by purchase at a sale under a judgment or decree may not be litigated in the action after the judgment or decree is set aside, under the provisions of section 82 of the Code of Civil Procedure, on application of a non-resident defendant on whom service was made by publication, unless, possibly, under allegations which attack the *bona fides* of the purchase. (*Citizens State Bank of Council Bluffs v. Haymes*, 56 Neb. 394.) From all this it must be concluded that if the agreement be conceded or considered as established as alleged in the answer, there was no compliance with its requirements by the company.

Another argument for the plaintiffs in error is that if there could be a recovery, the measure of damages should have been the amount of the incumbrance, the judgment in the suit, to enforce which the sale occurred, the suit being the one of which the omission of mention in the abstract furnished the basis for the action at bar. This is not tenable. The sale had been made and confirmed and deed ordered before the pendency of any action or existence of attachment or judgment became known to Isaac Longacre, and he could not have paid the judgment if he had so wished, for it was then satisfied by the sale. The proceedings had caused and perfected a title which destroyed any claim of his to the property or its title.

It appeared that William S. Mills, while owner of the property, executed and delivered to the Lombard Investment Company a mortgage thereon to secure the payment of his indebtedness to it in the sum of $1,100, and that Isaac Longacre bought the real estate subject to the lien thereby created and assumed the payment thereof. This indebtedness was not paid at its maturity and an action for foreclosure of the mortgage was instituted and prosecuted to completion, and the sale of the premises was made under the decree for a sum less than the mortgage debt. To these proceedings Isaac Longacre was a party defendant, duly served, but made no

appearance nor active defense. It is insisted for plaintiffs in error that inasmuch as Isaac Longacre did not take any active part in and against the foreclosure, did not stay the sale, and allowed the property to be sold for less than the mortgage debt, he showed a willingness and preference to abandon all further claim to it; and that he suffered it to be sold for a sum below the amount of the mortgage evidenced that he did not consider it worth such sum; and the fact that it sold for less than the amount of the mortgage lien disclosed that it was worth less than such amount; and Isaac Longacre's acquiescence in the sale or failure to attempt to save the property showed that it was not of greater value than it sold for under the order of sale, and all these things being true, establish that he suffered no damage by the act of the abstracter. Of this argument we fail to see, and cannot acknowledge, the force. Prior to the commencement of the foreclosure, all the real or apparent right and title of Isaac Longacre in the property had been divested or destroyed by the sale under the judgment and order of attachment, and by reason thereof the possession had been taken from him and his right of action against the company had accrued. That he might possibly have been in a sale under the decree of foreclosure a successful bidder and have obtained a title to the property shorn of the right or title of the purchaser at the sale to satisfy the attachment, who was a party defendant in the suit to foreclose, furnished no defense for the abstract company; and that he was personally bound for the payment of the mortgage debt to be enforced in the foreclosure makes the contention of the plaintiffs in error no stronger, rather the reverse. If Isaac Longacre, or his administrator, for he died before foreclosure sale, had purchased the property thereat, he would have acquired in an independent transaction the title to property which the deceased thought he had but did not get in perfection or as he intended, through the fault or neglect of the company, and any benefit which

he derived in the matter could not inure to the company or destroy or discharge in whole or in part his cause of action against it.

An argument is presented relative to the admissibility of evidence of which it must be said that there was no assignment of error in the petition, which fact leads to its not being considered. (*Smith v. Mason*, 44 Neb. 610.)

The arguments herein were made mainly under an assignment that the trial court erred in instructing the jury as it did to return a verdict for the defendant in error. No points have been presented which in any degree impeach the correctness of such action, and it follows that it must be approved and the judgment must be

AFFIRMED.

IRVINE, C., not sitting.