### WALKER v. BOWMAN *et al.*

No. 239.    Opinion Filed September 13, 1910.

(111 Pac. 319.)

**ABSTRACTS OF TITLE—Defective Abstracts—Accrual of Cause of Action.** A right of action against an abstracter for damages resulting from incompleteness, imperfections, or error in an abstract furnished by him accrues at the time the examination is made and reported, and not when the error is discovered, and the damages resulting therefrom have been paid.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by T. J. Walker against C. J. Bowman and another. Demurrer to petition sustained, and plaintiff brings error. Reversed and remanded.

*S. A. Horton,* for plaintiff in error.
*H. R. Winn,* for defendants in error.

DUNN, C. J.    This case presents error from the district court of Oklahoma county, and is an action brought by plaintiff in error as plaintiff against C. J. Bowman and G. W. Stephenson, doing business under the firm name of Bowman & Stephenson, and certain sureties on their bond as abstracters. To the petition a demurrer was filed on the ground that the same did not state facts sufficient to constitute a cause of action, which the court sustained, from which action the appeal is prosecuted. From the petition it appears that the plaintiff employed and paid the principal defendants herein to prepare for her an abstract to a certain tract of land which she desired to purchase. She procured the abstract for the purpose of ascertaining the condition of the title. Prior to that date an attachment had been run against the land, and was an existing lien at the time the abstract was prepared and delivered, but was not shown on the abstract. There-

after plaintiff, relying on the correctness of the abstract, purchased the land and subsequently sold it, giving a warranty deed thereto. Her grantee was compelled, in order to retain and protect his title to pay off the attachment lien above mentioned, whereupon plaintiff became liable on her deed to her grantee for the amount of his damages. The petition fails to disclose that plaintiff has paid the damages incurred by her grantee, and it is the contention of counsel for defendants herein that, until plaintiff has made that payment, no cause of action accrues, contending that she had not been damaged within the meaning of the statute. Counsel for plaintiff contends that the damage accrued at the time the abstract was delivered, and the issue thus made is the one presented to us for our determination.

Section 1, c. 1, Comp. Laws Okla. 1909, provides for a bond to be given by persons who engage in the making of abstracts to contain the following provision: that they (the abstracter and his bondsmen) "will pay all damages that may accrue to any person by reason of any incompleteness, imperfections or error in any abstract furnished by him." The word "accrue," as used in that sentence, means to become a present and enforceable demand. *McGuigan v. Rolfe*, 80 Ill. App. 256, 259. "A cause of action accrues from the time the right to sue for the breach attaches." *Amy v. Dubuque*, 98 U. S. 470, 476, 25 L. Ed. 228; 1 Words and Phrases, p. 101. And the rule on the question presented as adduced from the authorities is stated by 1 Cyc. p. 217, as follows:

"The right of action against an abstracter for damages resulting from an incorrect abstract accrues at the time the examination is made and reported, and not when the error is discovered or damages result therefrom."

See, also, cases cited under note 39. The following cases cited to sustain the text and others are noted as follows: *Provident Loan Trust Co. v. Wolcott et al.*, 5 Kan. App. 473, 47 Pac. 8; *Schade v. Gehner*, 133 Mo. 252, 34 S. W. 576; *Rankin v. Schaeffer, Adm'r, et al.*, 4 Mo. App. 108; *Security Abstract of Title Co. et al. v. Longacre, Adm'r*, 56 Neb. 469, 76 N. W. 1073; *Brown v. Sims*, 22 Ind. App. 317, 53 N. E. 779, 72 Am. St.

Rep. 308; *Russell v. Polk County Abstract Co.*, 87 Iowa, 233, 54 N. W. 212, 43 Am. St. Rep. 381; *Lattin v. Gillette et al.*, 95 Cal. 317, 30 Pac. 545, 29 Am. St. Rep. 115.

In the case of *Rankin v. Schaeffer, Adm'r, et al., supra,* it is said:

"The examiner of titles does not warrant. He is not liable, except for negligence or want of necessary skill and knowledge. The contract made by him when he receives a fee and examines a title is not one of indemnity, but a contract that he will faithfully and skillfully do his work; and this contract is broken, and an action lies for the breach of it, so soon as he, through negligence or ignorance of his business, delivers a false certificate of title. Where indemnity alone is expressed it has always been held that damage must be sustained before a recovery can be had; but, where there is a positive agreement to do the act which is to prevent damage to plaintiff, there the action lies if defendant neglects or refuses to do the act. *In re Negus,* 7 Wend. [N. Y.] 499; *Ham v. Hill,* 29 Mo. 276; *Rowsey v. Lynch,* 61 Mo. 560."

Also, in such a case where the petition alleges the breach of duty and also special and consequential damages, the breach of the duty, and not the consequential damage, is the cause of action. *Moore v. Juvenal,* 92 Pa. 484.

The petition alleges the insolvency of plaintiff's grantor, and also with some detail sets up her liability on a warranty deed which she had made to the property, and under the authorities above noted we think there can be no doubt about the liability of the defendants to her for the damage which she suffered by reason of any negligence on their part in making for her a faulty and erroneous abstract. If an abstracter could not be held liable under conditions presented and insisted on in this case, there would be practically no protection in an abstract to those who secure and pay for the same for the purpose of relying thereon in the purchase of real estate.

The former opinion of this court in this case, reported in 105 Pac. 649, is reversed. The cause accordingly is remanded to the district court of Oklahoma county, with instructions to set

aside the judgment heretofore rendered and proceed in accordance herewith.

All the Justices concur.