## WALKER v. BOWMAN *et al.*

No. 3564.  Opinion Filed July 7, 1914.

Rehearing Denied January 30, 1915.

### (145 Pac. 1130.)

**JUDGMENT—Default—Setting Aside—Grounds.** Where a default judgment has been rendered awarding damages against a firm of abstracters, in the amount of an alleged lien on real estate not disclosed in the abstract upon evidence of plaintiff introduced to established the amount of damage because of the undisclosed lien, and petition was filed within 90 days thereafter to vacate the default judgment, in which it is shown that plaintiff had been sued for the amount of the undisclosed lien, and had litigated the validity of the lien, and a final judgment had been entered to the effect that plaintiff was not liable on account of the alleged lien, and that this knowledge came to defendants after the default had been entered, but was known by plaintiff, and the amount included in the default judgment, **held,** that these facts fully justified the court in vacating the default judgment and granting a new trial on the merits.

(Syllabus by Brewer, C.)

*Error from District Court, Oklahoma County;*

*George W. Clark, Judge.*

Action by Mrs. T. J. Walker against C. J. Bowman and others. A default judgment for plaintiff was set aside, and plaintiff brings error.  Affirmed, with directions.

*Munden & Horton,* for plaintiff in error.

*Winn & Brill,* for defendants in error.

Opinion by BREWER, C.  Mrs. T. J. Walker sued Bowman & Stevenson, a firm of abstracters, together with a number of individuals as bondsmen, in the probate court of Oklahoma Territory, to recover the amount of an alleged lien on some real estate not set out in the abstract.  A trial was had, and judgment rendered for defendants.  An appeal was taken to the district court, where a demurrer was sustained to plaintiff's pe-

tition. An appeal to the Supreme Court resulted in a reversal and remand of the case. *Walker v. Bowman et al.*, 27 Okla. 172, 111 Pac. 319, 30 L. R. A. (N. S.) 642, Ann. Cas. 1912B, 839. The mandate was entered of record in the district court on January 28, 1911. On Saturday, August 26, 1911, the last day of the term, plaintiff obtained a default judgment. On November 23, 1911, the defendants filed a petition asking that the default judgment be vacated and set aside. On November 25, 1911, a trial was had on the petition, and the default judgment was vacated and set aside. From this order setting aside the judgment and granting a new trial, this appeal is prosecuted.

The petition to vacate the judgment is lengthy, and embraces many alleged grounds and reasons. We will only notice a few of them.

This suit against the abstracters was based on the claim that the plaintiff bought some lots relying on the abstract of title furnished by defendants; that there was an attachment lien on the property not disclosed in the abstract; that plaintiff had sold the lots, and her grantee had been obliged to pay $216 to clear off this lien; and that plaintiff was legally liable to her grantee to repay to him this sum. In reversing this case, this court held (27 Okla. 172, 111 Pac. 319, 30 L. R. A. [N. S.] 642, Ann. Cas. 1912B, 839) that in such a case as this the right of action accrues at the time the title is examined and the abstract thereof reported and delivered, and not when the error is discovered and the damages resulting therefrom are paid.

One of the reasons adverred for vacating the default judgment is that plaintiff's grantee had sued plaintiff to recover the amount of the lien he had paid off (being the same sum and lien upon which this suit is based), and that at a trial of that case this plaintiff, there as defendant had defeated a recovery and had been awarded her costs, and that the judgment had become final, and that therefore this plaintiff could in no event be damaged in the amount of the lien undisclosed in the abstract, because of the final judgment that she ought not to pay same.

It was further averred that these facts came to the knowledge of the petitioners after the rendition of the default judgment.

The claim was also made in the petition that defendants were not in default when they were so adjudged on motion of plaintiff, and that they were prevented from filing a motion for a new trial and to set aside the default at that term of court because of the fraudulent conduct of plaintiff. It was alleged and shown that this case has been in the courts for several years, and in this court, as *Walker v. Bowman et al.,* and so stood on the docket of the district court when the judgment was taken; that in the journal entry of judgment filed and reported in the Legal News of this city the title of the case was changed to that of Walker v. Zalendeck *et al.,* a name it had never borne before, Zalendeck being one of the bondsmen for defendant and a codefendant as such; that defendants and their attorneys were subscribers to this paper, and read and kept up with their court business through information imparted by this paper; that by reason of the switching of the names in the court order defendants were misled into not protecting themselves at once, etc.

The court held that, while defendants' answer was on file and among the papers, yet that technically defendants had withdrawn the answer when they presented the demurrer in the former trial, and were in default for not having filed or refiled their answer. But the court held further that it had been shown that defendants had a valid defense, and that the default should be set aside to the end that they could make it.

We think there was ample proof to justify the court in the action taken. The court heard all the evidence, studied the condition of the record and the nature of the default, and the defense shown by defendants. There must be some latitude for discretion in such cases. The court was evidently convinced that to let the judgment stand would be to work injustice. We think he was justified in so believing. If it is true that plaintiff will not and cannot in any event be made to pay, or subjected to a judgment for, the amount of the undisclosed lien, of course

Walker v. Bowman et al.

she has not been damaged in that amount, and cannot recover it. Therefore to have let this judgment stand would have been putting into plaintiff's pocket this $216 which, when she filed her suit, it looked like she might later have to pay, but which it was later determined she was under no obligation to pay. However, under the doctrine announced in the former opinion in this case, she had the right to sue when she did, and, being right in suing to protect herself against the possibility of loss, she may be entitled to some damage, at least to costs, in the event she should prevail over the other defenses alleged by defendants to be available.

The plaintiff well knew, on the date of the default, when she introduced evidence to sustain her claim, that she could never be called upon to pay the amount of this lien, that her liability to do so had been forever and finally extinguished, if it ever existed; yet she took judgment, including this sum, when she must have known that she was not entitled to it either in law or good conscience. Then for some reason, we do not know what, her journal entry of this unjust judgment is prepared, and, as it was known it would be, was printed in the Legal News under a strange title, a title never used before, one that would most likely, and it seems did, have the effect of keeping defendants in the dark as to the fact that an order had been made in this case.

We think there was a substantial compliance with the statute (subd. 4, sec. 6094, Comp. Laws 1909) relating to the vacating of judgments, and therefore that the judgment should be affirmed, and defendants allowed to answer and have a trial on the merits.

By the Court: It is so ordered.