**STOUT v. DERR et al.**

No. 25546.    March 12, 1935.

T. G. Chambers and James R. Eagleton, for plaintiff in error.

Bierer & Bierer, for defendants in error.

PER CURIAM. On September 6, 1932, a judgment was rendered in the district court of Logan county, Okla., in cause No. 7057, wherein Frank A. Derr was plaintiff, and numerous persons, among them one C. E. Stout and the Bank of Crescent, a corporation, were defendants, foreclosing certain mortgages, ordering a sale of the real estate involved and application of the proceeds, and decreeing the interests of the various parties to the action. On March 27, 1933, order of sale issued in accordance with the judgment, after which a sale was duly had and order confirming the same made and entered on the 22nd day of May, 1933.

Thereafter, on September 6, 1933, C. E. Stout, the plaintiff in error herein, filed in the cause his petition to vacate the judgment so rendered on September 6, 1932, and caused summons to be issued and served upon Frank A. Derr, the Bank of Crescent, and another party to the original action, not concerned in this appeal. Demurrers to the petition having been filed by the said Frank A. Derr and the Bank of Crescent, the same were heard and sustained by the trial court; and C. E. Stout thereupon, within the time allowed by the court, filed his amended petition to vacate judgment. The same parties again demurred to such amended petition, and, on November 6, 1933, said demurrers came on for hearing and an order was made and entered sustaining the same. The petitioner electing to stand on his amended pleading, judgment was accordingly rendered against said petitioner. From such judgment and order, the plaintiff in error, C. E. Stout, has prosecuted this appeal, assigning, as grounds for reversal, error of the trial court in sustaining the separate demurrers and in rendering judgment on the pleadings. The parties will be referred to hereinafter as petitioner and respondents.

The plaintiff in error, in his brief, sets up two propositions for argument, as follows:

"Proposition 1. The judgment sought to be vacated under the allegations of the petition of plaintiff in error, was not the judgment of the court and could not have been the judgment of the court and therefore should be set aside, in so far as it affects the interest of the plantiff in error.

"Proposition 2. Plaintiff in error, C. E. Stout, was not a proper party defendant in the foreclosure action and the judgment finding his interest to be junior and inferior to the liens of the mortgages sued upon was beyond the jurisdiction of the court in that it failed to adjudge his interest to be one acquired subsequent to the execution of the mortgages."

Argument, however, to the effect that the judgment of the trial court should have been vacated and set aside as to petitioner, is based mainly upon the following theories: First, that fraud was practiced upon petitioner and the trial court by the attorneys for respondents in the suppression of evidence of petitioner's title and in preparation of journal entry; second, that petitioner's title was paramount, superior, and adverse to that of the mortgagors, and he was therefore not a proper party defendant, and could not be precluded by the judgment.

The petition to vacate was filed pursuant to sections 556, 557 and 558, O. S. 1931, which provide (sec. 556) that the district court shall have power to vacate or modify its own judgments or orders, at or after the term at which the same were made, among other causes, for irregularity in obtaining a judgment or order, or for fraud,

practiced by the successful party in obtaining the judgment or order, as provided by subdivisions 3 and 4. Section 558 sets out that the proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions 4, 5, 6, 7, 8, and 9, of section 556, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant.

The amended petition to vacate contained the following allegations: That in the trial of the original foreclosure action it was disclosed by the evidence and adjudged by the court that on November 3, 1923, Berthes H. Anderson and Florence C. Anderson executed a deed to Arthur Davis and B. F. Ryland, conveying an undivided one-half interest in the oil, gas and other minerals in the property involved in the action; that said deed was recorded on November 20, 1923; that the mortgage of the plaintiff was executed on November 1, 1923, acknowledged on November 21st and recorded on November 22, 1923; that the mortgage of the defendant and cross-petitioner, the Bank of Crescent, was executed and acknowledged on December 23, 1924, and duly recorded; that the defendant, C. E. Stout, acquired an undivided 1/32 interest in the oil, gas, and other minerals from one J. Z. Werby on May 31, 1929, the said Werby having acquired the same by mesne conveyance from Arthur Davis; and that the said C. E. Stout also had conveyed to him from one W. O. Munkres and Arthur Davis, on April 10, 1929, an undivided 23/320ths interest in said mineral rights. That at the trial the evidence showed and the court found that all defendants acquired their interest in and to said property subsequent to the execution and recording of said mortgages; that the evidence further showed, and the court found, that Arthur Davis and B. F. Ryland were innocent purchasers, without actual or constructive notice of the mortgage sued upon by plaintiff, and were purchasers for value, for the reason that those defendants who had acquired their interests through said Davis and Ryland would necessarily have been purchasers with constructive notice of the mortgages sued upon by plaintiff and cross-petitioner, and their interests were found to be superior to the lien of the mortgage.

The amended petition then alleges that the plaintiff and cross-petitioner, and their attorneys of record, connived and conspired to defraud petitioner, and did, in the trial of said cause, suppress and withhold from the court the evidence of petitioner's title and did prepare and present and have signed and recorded a journal entry, purporting to adjudge superior to the lien of the mortgages all of the interest holders who had acquired their title by virtue of the conveyance to Davis and Ryland, but, in fact, only naming in such manner those who had entered their appearance in said cause, well knowing the evidence in the cause to have been and the court to have found that the grantees and vendees in said mineral deed of November 3, 1923, were innocent purchasers for value, without actual or constructive notice, and that their assignees and vendees held their respective interests prior and superior to the mortgages. That the journal entry was for such reasons irregularly and fraudulently obtained to be signed against the said C. E. Stout by reason of the fraud and misrepresentations of the parties and their attorneys.

Petitioner then alleges that upon being served with summons in the original cause, he observed that there were numerous parties defendant who had acquired their interest in the mineral rights as assignees of Davis and Ryland, and, upon inquiry, was advised by several of such defendants that they would appear and prove the superiority and priority of the mineral deed to the lien of the mortgages. That certain defendants did so appear and make proof of such facts, and were adjudged to hold their interests prior to the mortgages, particularly one W. O. Munkres, who was one of the grantors of a part of the interest held by the said C. E. Stout.

A general denial was set up as a further defense, and appropriate relief prayed for.

Demurrers to said petition to vacate having been sustained, the sole question for this court to review is whether or not the trial court erred in sustaining such demurrers and rendering judgment. There is no doubt that the trial court had authority to sustain demurrers to the petition, if the petition did not state facts sufficient to warrant the court in vacating the judgment sought to be vacated. Burton v. Swanson, 142 Okla. 134, 285 P. 839; Dardenne v. Daniels et al., 101 Okla. 201, 225 P. 152. In the last-cited case this court held as follows:

"Proceedings by petition under section 810, Compiled Oklahoma Statutes 1921 (sec. 556, O.S. 1931), to set aside a judgment for fraud practiced by the successful party in obtaining such judgment, constitutes a 'civil action' and not a mere 'special proceeding,' and, when otherwise applicable

and sufficient, it comes within the third ground of demurrer set out in section 268, Compiled Oklahoma Statutes 1921, as another action pending."

And in the opinion in the case of Burton v. Swanson, supra, it was said:

"There can be no question * * * but that the trial court had authority to sustain a demurrer to this petition, if the petition did not state facts sufficient to warrant the court in vacating the judgment sought to be vacated."

A careful analysis of the petition filed by petitioner discloses that, with the exception of the general denial (which is mere surplusage), the only ground for vacating the judgment, alleged therein and presented to the trial court, was that of fraud on the part of the attorneys for respondents, in that they "did, in the trial of said cause, suppress and withhold from the court the evidence of this petitioner's title," and "submit a journal entry prepared by them, purporting to name all of the assignees of interest in the mineral rights in and to said property who held said interest by virtue of the conveyance to the said Arthur Davis and B. F. Ryland in mineral deed heretofore referred to as 'Exhibit B' and named therein only the assignees under said mineral deed, as aforesaid, who had entered an appearance in said cause and adjudging their interest to be prior and superior to the interest of the plaintiff," well knowing that the interest of petitioner was on the same basis; and that said attorneys, for the purpose of defrauding petitioner, did present said journal entry to the court and cause the same to be signed, filed and recorded.

Accepting the allegations of the petition as true, for the purpose of the demurrers, was the fraud said to have been committed upon the petitioner of such character as would justify the trial court in setting aside the judgment of September 6, 1932, and granting him a trial on the merits? We thing not. This court has repeatedly held that such fraud, practiced by the successful party in obtaining the judgment or order sought to be vacated, as will justify the court in vacating the same, must be extrinsic, extraneous, and collateral to the issues tried in the cause wherein the judgment was rendered, and such as to have prevented the unsuccessful party from having a trial of the issues. Burton v. Swanson, 142 Okla. 134, 285 P. 839; Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632; Cherry v. Gamble, 101 Okla. 234, 224 P. 960. The rule is thus stated in 34 C. J., pages 282, 283:

"The instances in which the judgment may be vacated are those in which the party is prevented from having a fair trial of the real issue by reason of the fraudulent contrivance of his adversary. Fraud practiced upon the court is always ground for vacating the judgment, as where the court is deceived or misled as to material circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair. So a judgment may be vacated for misrepresentations or tricks practiced upon the defendant to keep him away from the trial, or to prevent him from claiming his rights in the premises, or from setting up an available defense, or for fraudulent collusion between some of the parties to the action, or between the counsel in the case, working injury to the just rights of the others. Mere failure to disclose to the adversary, or to the court, matters which would defeat one's own claim or defense is not such extrinsic fraud as will justify or require vacation of the judgment."

We are mindful of the cases of Walker v. Bowman et al., 44 Okla. 759, 145 P. 1130; Cone v. Harris et al., 104 Okla. 114, 230 P. 721, and Abernathy et al. v. Huston, County Treas., 166 Okla. 184, 26 P. (2d) 939, cited by counsel for plaintiff in error on this proposition, but it does not seem to us that those cases are analogous in point of fact. In the first cited case, a judgment was vacated in which plaintiff had been awarded damages against a firm of abstractors, in the amount of a lien upon real estate not disclosed in the abstract, when the facts showed that plaintiff's liability for payment of such lien had been litigated prior to the rendition of the judgment and final judgment entered to the effect that plaintiff was not liable on account thereof. In the case of Cone v. Harris, a purported journal entry of judgment was obtained secretly, the trial judge having been misled into signing the same when no judgment with reference to the land in question had ever been arrived at, determined or announced. In the last-cited case, the signature of the district judge to the journal entry was procured by certain fraudulent misrepresentations made to the court by collusion or agreement of counsel.

In the case at bar, petitioner was duly served with summons to appear and answer the petition and set up any right, title or interest claimed by him in the premises sought to be foreclosed upon, which interest the plaintiff in that action alleged to be subject, junior, and inferior to the lien of plaintiff's mortgage and acquired with full notice thereof. He did not choose to so appear, and his only excuse for not so doing

is that, as he states, he was advised by others who were parties defendant in the action, situated similarly to him, that they would enter their appearance, defend and prove the superiority of the class of liens or interests in which petitioner was included. He does not allege that such representations were made or caused to be made by the respondents, or their attorneys, or that he was otherwise misled by them into failing to enter his appearance and refraining from presenting in the trial court such defense as might have been available to him. An issue was presented by the plaintiff's petition, which, as disclosed by the record certified to this court, was resisted by some of the defendants, and, in certain instances, successfully so. This the petitioner did not elect to do, and his excuse for not so doing, as stated in his petition to vacate, was not sufficient to entitle him to relief. Issue having been tendered by the pleading of the plaintiff in the foreclosure action, which was as 'to whether or not petitioner took title to his interest in the mineral rights with notice of the priority of the mortgages sought to be foreclosed, the alleged fraud of respondents, if any, in failing to inform the court of the superior character of petitioner's title, if it was so superior, and in procuring a judgment and journal entry to be made and entered by the trial court, adjudging his title inferior, was not such fraud as could be said to be extrinsic or collateral to the issues, and is not available, under the authorities hereinabove cited, as a ground of attack upon a judgment, under either the third or fourth subdivisions of section 556, O. S. 1931.

The remaining point raised in the brief of plaintiff in error, i. e., that his title was paramount, superior, and adverse to that of mortgagors, that he was not a proper party to the foreclosure action, and that his title could not have been litigated therein, we do not deem it necessary to discuss or to pass upon, except as such matters have been incidentally discussed heretofore, inasmuch as our ruling on the sufficiency of the petition to vacate judgment is decisive of the case.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys L. W. Randolph, O. E. Swan, and Vilas V. Vernor in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Randolph and approved by Mr. Swan and Mr. Vernor, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur.