## FREEMAN v. PEARCE.

No. 18959. Opinion Filed Feb. 28, 1928.

Rehearing Denied Oct. 16, 1928.

W. R. Wallace and Blanton, Osborn & Curtis, for plaintiff in error.

Thompson & Henderson, for defendant in error.

PER CURIAM. This action was begun in the district court of Garvin county by the defendant in error herein, as plaintiff, to recover the balance due upon a contract wherein he sold to the defendant, Freeman, an oil and gas lease together with the one-half royalty interest in the mineral and oil rights on, in, and to certain lands described in the contract. To the plaintiff's petition the defendant filed his answer and cross-petition, wherein he relied upon the contract, but denied good and merchantable title in the plaintiff, and alleged a breach of said contract upon the part of the plaintiff by reason of the failure of title and sought affirmative relief in damages by reason thereof. The cause was tried in the district court of Garvin county, judgment rendered in favor of the defendant. From this judgment plaintiff appealed to this court, where, in an opinion filed in said cause, the title to said real estate was held to be good and merchantable, the judgment of the trial court was reversed and the cause remanded. Mandate from this court was received and filed in the trial court, and thereafter the defendant filed in the trial court his amended answer alleging the terms of said contract sought to be enforced were too indefinite, uncertain, and vague to warrant specific performance thereof. Upon motion of the plaintiff the trial court struck the amended answer from the files and rendered judgment in favor of the plaintiff and against the defendant for the balance of the contract purchase price pro-

vided in said contract, and from this judgment the defendant appeals.

The plaintiff now moves this court to dismiss the appeal for the reason the matters involved in this litigation were adjudicated by this court in the former case, Pearce v. Freeman, 122 Okla. 285, 254 Pac. 719.

Both plaintiff and the defendant sought affirmative relief based upon the validity of the contract sued upon, and all the issues, presented to the trial court at the former trial and to this court on the former appeal, were based upon the validity of the plaintiff's title to the real estate described in the contract. Upon appeal this court determined the question of title in favor of the plaintiff, thereby determining the question upon which the defendant sought affirmative relief. For the defendant now to assert the contract upon which he sought damages, and having failed, is unenforceable because it is too indefinite, uncertain, and vague to warrant specific performance, is inconsistent with his former pleading wherein he sought affirmative relief based upon validity of the contract and is in violation of the well-recognized rules of procedure. This court in the case of First Trust & Savings Bank of Chicago, Ill., v. Bloodworth, 70 Okla. 317, 174 Pac. 545, held that:

"When the law gives several means of redress or kinds of relief predicated on conflicting theories, the election of one and the prosecution to the final judgment operates as a bar to the subsequent adoption of any other."

This rule is followed by this court in the case of Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209; Citizens Bank of Millerton v. Beeson, 104 Okla. 293, 231 Pac. 844.

The defendant in his response to the motion to dismiss filed herein cites numerous authorities to support his right to file his amended answer and cross-petition. We have examined the authorities cited in the response, and find that they are not in conflict with the rules above set forth. In each of the cases cited, where amended pleadings were filed, such pleadings were not inconsistent with the pleadings formerly filed in the case. The cases cited and the rules expressed therein based upon the facts in each particular case do not conflict with the rule laid down by the court in the case of St. L. & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38, wherein the court laid down the following rule:

"Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is simply reversed without directions, it is the duty of the trial court to enter judgment in accord with the opinion; and such court is without jurisdiction to permit amendments to the petition, alleging an entirely different state of facts as the direct and proximate cause of plaintiff's injuries, and which facts have been adversely determined by the opinion of this court.

"All questions open to dispute and either expressly or by necessary implication decided on appeal to this court will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination.

"In the absence of exceptional facts, it is the duty of parties to put in issue the entire claim or defense available when the case is tried; and a failure to do so cannot be remedied by amendment and repeated trials after appeal to and decision by this court."

This latter rule is followed by this court in the case of Armstrong v. White, 122 Okla. 78, 251 Pac. 46.

The theory of the amended answer filed in the instant case conflicting with the theory of the answer and cross-petition defendant elected to file in the first instance, the action of the trial court in striking the amended answer was proper.

It was the duty of the defendant to put in issue the entire claim or defense available when the case was tried, and his failure to do so cannot be remedied by amendment and repeated trials after appeal to and decision by this court.

The appeal is dismissed.