## J. B. KLEIN IRON & FOUNDRY CO. v. MIDLAND STEEL & EQUIPMENT CO.

No. 27485. June 7, 1938.

Rehearing Denied Oct. 4, 1938.

Shirk, Danner & Earnheart and George H. Shirk, for plaintiff in error.

Priest & Belisle, for defendant in error.

CORN, J. This is an appeal from a verdict and judgment rendered in the common pleas court of Oklahoma county in an action brought by defendant in error, plaintiff below, to recover upon an open account from plaintiff in error, defendant below. Hereafter reference to the parties will be made as in the trial court.

The plaintiff asked judgment for $752 for steel furnished on an open account. Defendant filed answer and cross-petition, alleging plaintiff breached the contract with defendant for sale of metal decking, and asked damages for such breach. The suit on the account is not the subject of this appeal. The appeal herein is from the verdict of the jury finding for the plaintiff upon the defendant's cross-petition.

Defendant claims reversible error in the action of the trial court in submitting to the jury the question whether a contract had been entered into as to the sale and purchase of the decking, contending that it was for the court to determine whether a contract existed between the parties.

The essential facts appear more fully in the opinion. The grounds for the defendant's claim for reversal are founded upon the proposition that a binding and enforceable contract exists between contracting parties when a legal acceptance is made of a legal offer, and immaterial variances are to be disregarded.

The argument is directed toward showing that the letter of June 1, 1935, was an offer, and when plaintiff replied by telephone and later by written confirmation, there was a completed contract, reduced to writing and signed by the party to be charged. Further, the phrase in the confirmation "we prefer your inspection prior to shipment" had noth-

ing to do with the validity of the contract, being merely a wish or request expressed by the plaintiff.

Paragraphs 2 and 3 of the syllabus of Griffin Grocery Co. v. Kingfisher Mill & Elevator Co., 168 Okla. 157, 32 P.2d 63, state as follows:

"Before there can be an agreement there must be a meeting of the minds of parties on matter attempted to be agreed on, and no contract can be said to have been created where their minds have not agreed on one and the same thing.

"When it is sought to establish a contract by letters and telegrams which pass between the parties, containing proposals, answers, and counter proposals, it must be made to appear that at some point in the correspondence there was a definite and unqualified proposal by one party which was unconditionally and without qualification accepted by the other party."

With the above-stated rules in mind it becomes necessary for us to inquire into the negotiations carried on by the parties, to determine whether there was ever any point in such negotiations when there was a definite and unqualified proposal which was unconditionally accepted by the other party.

June 1, 1935, after Robberson's return from Chicago, he wrote plaintiff as follows:

"In connection with metal deck, if you still have deck available in length 8' 2" or 10' 2", we would be able to use 50 tons of this."

June 3, 1935, after a long distance telephone conversation, the plaintiff mailed to the defendant a written confirmation of sale, setting forth the terms as follows:

"Confirmation of Sale.
"Midland Steel and Equipment Company
"400-406 South Clinton Street
"Chicago
"June 3, 1935.

No. 2260

"Name        J. B. Klein Iron & Foundry Co.

"Address           Oklahoma City, Oklahoma.

"This confirms sale made to Mr. R. W. Robberson

"Weights        Approximately 50 tons.

"Description 18 to 20 gauge Steel Decking, 10' 2" & 8' 2" long.

"Price        Twenty-five ($25.00), Dollars per net ton.

"F. O. B.        Cars Chicago, Illinois.

"Terms        ½ of 1% 10-30 days net.

"Shipment to be made
    In 30 days to: J. B. Klein Iron & Foundry Co. Oklahoma City, Okla. Ft. Smith & Western R. R. Delivery

"Remarks
    (Describe Material in your Bill of Lading as) Per telephone arrangements with Mr. R. W. Robberson. Preference shipment containing all 10' 2" lengths. We prefer your inspection prior to shipment. Will advise when ready. * * *
        "Midland Steel & Equipment Co.
            By W. G. Weiss."

June 8, 1935, defendant wrote plaintiff relative to other matters, and concluded as follows:

"On the decking, the 10' 2" is the most desirable length to us. We wired you that we could use up to 25% of the 8' 2" but we would not want more than 25%. Our preference would be about 15% of the 8' 2"."

June 12, 1935, plaintiff replied in this manner:

"Regarding the decking, there will be some delay in preparing the decking for shipment and also there is some question as to the lengths all being 10' 2" as indicated in your letter. We will give you all of the 10' 2" length that we have and not to exceed 25% of the 8' 2" lengths."

Thereafter, July 22, 1935, plaintiff wrote defendant that others were also interested in buying and it would be necessary for them to have defendant's order before the following noon in order to hold this material for defendant's account.

July 24, 1935, plaintiff again wrote to defendant concerning the lengths of decking desired and stating that upon receipt of information they would arrange to complete the order. Robberson testified that he did nothing to comply with this request. Then, July 31, a telephone conversation was had between the parties relative to the same matters, and plaintiff informed defendant they were canceling the order. The testimony of Weiss was that the order was canceled because defendant refused to come to Chicago and inspect the steel before shipment.

The evidence showed that plaintiff several times asked defendant to make inspection and as late as August 23rd tried to get defendant to make inspection, but it was never done. However, August 24th, defendant did write plaintiff that their demands were unfair and ridiculous, but when plaintiff had assembled the merchandise purchased, defendant would be glad to inspect it.

It is evident that throughout all these negotiations the parties never met in complete agreement as to the merchandise to be purchased, the kind most acceptable, the amount of each length to be .shipped, nor the matter of inspection.

Numerous decisions from this court establish the rule that when a contract is dependent upon disputed, extrinsic facts, the question is then for the determination of the jury. Swift v. McMurray, 133 Okla. 104, 271 P. 635, citing Kingfisher Mill & Elevator Co. v. Westbrook, 79 Okla. 188, 192 P. 209; Waldrep v. Exchange State Bank of Kiefer, 81 Okla. 162, 197 P. 509; Brooks et al. v. Watkins Medical Co., 81 Okla. 82, 196 P. 956; and Rider v. Morgan, 31 Okla. 98, 119 P. 958.

At no point in the negotiations does it appear that defendant so firmly bound itself to take any certain amount or kind of this decking so that it would have become liable to respond to the plaintiff for damages for a breach of the agreement in case of a refusal on its part to accept delivery, had it been made. It is a cardinal principle of law that a contract must be as binding upon one party as upon the other party thereto.

We hold that there was no error on the part of the trial court in submitting this matter to the jury, and the jury having found for the plaintiff, their verdict will not be disturbed on appeal.

Judgment affirmed.

The plaintiff having asked judgment upon the supersedeas bond executed herein, such judgment is accordingly rendered.

BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur.