Peter J. WALLA, Plaintiff,

v.

SINCLAIR OIL AND GAS COMPANY, a corporation, Defendant.

Civ. A. No. 430.

United States District Court
D. Nebraska, North Platte Division.

April 4, 1955.

---

Milton C. Murphy, Beatty, Clarke, Murphy & Morgan, North Platte, Neb., P. J. Heaton, Heaton & Heaton, Sidney, Neb., for plaintiff.

Yale C. Holland, Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., Ralph W. Garrett, Dudley C. Phillips, Tulsa, Okl., for defendant.

DELEHANT, District Judge.

After removing this action to this court from the District Court of Cheyenne County, Nebraska, the defendant served and filed a consolidated motion (a) for order requiring plaintiff to elect, and (b) for more definite statement. Pursuant to stipulation of the parties the court ordered the motion to be submitted on briefs; and briefs have been served and delivered to the undersigned. Then on March 7, 1955, the plaintiff filed a duly served amended petition (thus preserving the language of the state court practice). And on March 22, 1955, the parties filed a stipulation that the consolidated motion "may be considered as having been filed with reference to the amended petition. The case is, therefore, before the court upon the amended petition, the consolidated motion and the stipulation.

It may be considered that the stipulation is allowed; and the order now entered makes such provision. The consolidated motion remains for ruling.

■ The action is one in which the plaintiff, as owner of a farm and its lessor under an oil and gas lease, seeks recovery from the defendant, the lessee in the oil and gas lease, for several items of damage allegedly caused by operations of the defendant both upon the plaintiff's land and on adjacent premises whereby, principally, the water supply upon the leased premises was polluted and made dangerous. The amended petition (as was the original petition) is in five counts or causes of action, although it may well be questioned whether the separation which they reflect is based upon any real distinction in causes of action. It seems much more likely that they merely serve as vehicles for the separate statement of somewhat different elements of damage within a single claim. And substantial question may exist respecting the concurrent presentation of a demand for general damage to the farm and a demand for one or more of the items of special damage averred. But those matters are not now before the court and are not determined.

What the motion to elect is aimed at is the defendant's position that in his amended petition (as it contends he did in his original petition) the plaintiff asserts three grounds for recovery of each of the elements of damages for which he sues. Those grounds are (a) the creation of a nuisance, (b) negligence, and (c) breach of contract, the violated engagement being said to arise by implication from the lease. The plaintiff ap-

pears not to question the assertion that he has set out those three theories of liability on the defendant's part; and, for the present, the court will not do so.

But the court will not grant the motion to require an election. Rule 2, 28 U.S.C.A., provides that:

"There shall be one form of action to be known as 'civil action' ".

The traditional forms of action are abolished. But that abolition has not done away with the familiar theories upon which claims are based.

Rule 8(e) (2) provides, in part, that:

"A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both."

That rule is not to be nullified by the device of allowing motions to require election, when a plaintiff has resorted to it in good faith and prepared his complaint accordingly. Automobile Insurance Co. of Hartford, Connecticut v. Barnes-Manley Wet Wash Laundry Co., 10 Cir., 168 F.2d 381, certiorari denied 335 U.S. 859, 69 S.Ct. 132, 93 L.Ed. 406; Empresa Agricola Chicama, etc. v. Amtorg Trading Corporation, D.C.N.Y., 57 F. Supp. 649; Montgomery Ward & Co. v. Freeman, 4 Cir., 199 F.2d 720; Griswold v. Dixie Foundry Co., D.C.Tenn., 79 F. Supp. 79; and in a somewhat different setting, Woods v. Parsons, D.C.Neb., 7 F.R.D. 528.

If upon the trial the evidence shall fail to support any of the asserted theories for recovery, the court can and will eliminate the unsupported ground in the submission of the case. But election will not be required at this point. The defendant has not yet answered.

In its brief the defendant asks alternatively, that its motion for election be also regarded as "a motion for separate statement of causes of action under Rule 10(b)". Even so considered, it is not regarded as well taken and is denied. In this connection the court is not influenced by the plaintiff's argument that he has already separately stated and numbered his causes of action. It has hereinbefore been suggested that those causes of action may be more apparent than real. And in any event the argument does not reach or meet the point of the defendant's motion to elect.

The parties have left the defendant's motion for more definite statement in a dubious plight. Reflecting a well-grounded doubt concerning that motion, the defendant, even before submission of the motion to the court, had served and filed searching interrogatories under Rule 33, in which it demanded the information sought in the motion for more definite statement, and more. In its brief it refers to those interrogatories and, upon the basis of them and their expected answers, suggests that the motion for more definite statement be left unsubmitted. What it was manifestly undertaking by the service of the interrogatories was the use of interrogatories before answer as a substitute for a motion for more definite statement, which is very rarely granted. In that situation the court would ordinarily deny the motion for more definite statement and at the same time absolve the plaintiff from the duty of answering the interrogatories until after the service of the defendant's answer to the plaintiff's petition. That course has frequently been pursued here.

But in his brief the plaintiff includes the following paragraph:

"We concede that the defendant is entitled to the information which it requests in its motion and in the interrogatories which have been served upon us; and we shall supply that information and answer those interrogatories as fully and completely as we can, but we need a reasonable time within which to do so; and we are sure that the defendant, as it has already indicated

to us, is willing to give us an extension of time with respect to the interrogatories. On the other hand, we are perfectly willing that the defendant be not required to plead to our petition until a reasonable time after we have answered its interrogatories."

That appears to erect a program essentially agreeable to counsel, and the court perceives no reason why it may not be followed. To implement it, however, an order should be made that will seasonably bring the case to issue. And as an administrative step, it will include (a) the denial of the motion for more definite statement; (b) a direction that the plaintiff serve on the defendant within fifteen days from the order's date answers to the interrogatories; and (c) a direction that the defendant serve and file its answer to the amended petition within fifteen days after the service upon it of the plaintiff's answers to interrogatories.