**LANDSING PROPERTIES, Plaintiff,**

v.

**OKC APARTMENTS, LTD., a Limited Partnership composed of general partners David Lieberman, Bruce Seyburn, Ron Weiser and McKinley Associates, Inc., a Michigan Corporation, and various limited partners, Defendant.**

**No. CIV-78-0888-D.**

United States District Court,
W. D. Oklahoma.

March 31, 1979.

James C. Lang, Brian S. Gaskill, Tulsa, Okl., Richard B. Bates, Oklahoma City, Okl., for plaintiff.

A. P. Murrah, Jr., Jack L. Kinzie, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action alleging that Defendant breached an agreement whereby

Defendant was to sell an apartment complex in Bethany, Oklahoma to the Plaintiff. As relief, Plaintiff prays that Defendant be ordered to specifically perform its obligation under the agreement and convey the property to Plaintiff or, in the alternative, for judgment against Defendant for damages in the amount of $200,000. It is asserted that this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy. The matter is now before the Court on Defendant's Motion to Require Plaintiff to Elect Remedy and Plaintiff's Motion for Partial Summary Judgment. The parties have filed briefs in support of their respective contentions. The Court rules on these Motions as follows:

## DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO ELECT REMEDY

Plaintiff's Complaint in this case sets forth two causes of action, wherein Plaintiff seeks the alternative remedies of specific performance and damages. Defendant now moves the Court to require Plaintiff to elect between those remedies as to which one it intends to pursue to judgment in this action. Defendant contends that the Court should exercise its equitable power to require Plaintiff to make such an election at this time as Plaintiff's simultaneous pursuit of the two alternative remedies is resulting in clear advantage to Plaintiff and grievous harm to Defendant. Defendant argues that in the interest of justice it is entitled to know at this point in the proceedings whether or not Plaintiff actually intends to seek specific performance in this action and will be able to close under the terms of the alleged agreement it seeks to enforce. Defendant maintains that as specific performance and damages are inconsistent remedies, Plaintiff should not be permitted to pursue both remedies simultaneously.

In its response to Defendant's Motion, Plaintiff contends that the question of when it must elect which remedy it will pursue is a question of procedure governed by the Federal Rules of Civil Procedure; that under those Rules it is entitled to maintain allegations seeking inconsistent remedies during the pleading stage of the litigation; that under both the federal and Oklahoma law the remedies of specific performance and damages are not inconsistent; and that the Court should not require it to elect between its claimed alternative remedies as Defendant has failed to sufficiently show that it has gained any legal advantages or that Defendant has suffered any legal disadvantages.

■ The Court finds that Defendant's Motion to Require Plaintiff to Elect Remedy should be overruled. Under Rules 8(a)(3) and 8(e)(2), Federal Rules of Civil Procedure, a party may demand relief in the alternative or of several different types. No election is necessary at the pleading stage. The effect of Rule 8(a)(3) is to permit a party to seek legal and equitable relief cumulatively or in the alternative. *See E. H. Boly & Son, Inc. v. Schneider,* 525 F.2d 20, 23 n. 3 (9th Cir. 1975); 5 Wright & Miller, *Federal Practice and Procedure* : Civil § 1257 (1969). The present practice under Rule 8(e)(2) permits a party to seek inconsistent remedies in his claim for relief without being required to elect between them at the pleading stage of the litigation. *Sanisidro v. Dampskisselskabet Torm, A/S,* 45 F.R.D. 29, 30–31 (E.D.Pa.1968); *Walla v. Sinclair Oil & Gas Co.,* 17 F.R.D. 506, 508 (D.Neb.1955); 5 Wright & Miller, *Federal Practice and Procedure* : Civil § 1283, at 375 (1969). As stated in 2A Moore's Federal Practice ¶ 8.18, at 1802–03 (2d ed. 1975): "Thus, in a suit for specific performance the plaintiff may demand '(1) that defendant be required specifically to perform said agreement, (2) damages in the sum of one thousand dollars, and (3) that if specific performance is not granted plaintiff have judgment against defendant in the sum of ten thousand dollars.'"

In view of the foregoing, the Court finds that it would be inconsistent with Rules 8(a)(3) and 8(e)(2) of the Federal Rules of Civil Procedure to require Plaintiff in this case to make an election of remedy at this stage of this action. Accordingly, Defend-

ant's Motion to Require Plaintiff to Elect Remedy should be overruled.

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Upon consideration of the Motion for Partial Summary Judgment filed herein by Plaintiff for judgment in its favor, the Court is not satisfied that genuine issues of material facts are not present in the case on the issue of whether the document in question constitutes a binding and enforceable contract. *See, e. g., Building Mart, Inc. v. Allison Steel Manufacturing Co.,* 380 F.2d 196, 199 (10th Cir. 1967); *Arnold Palmer Golf Co. v. Fuqua Industries, Inc.,* 541 F.2d 584, 588 (6th Cir. 1976); *Interocean Shipping Co. v. National Shipping & Trading Corp.,* 523 F.2d 527, 534 (2nd Cir. 1975); *Rose v. Mitsubishi International Corp.,* 423 F.Supp. 1162, 1164 (E.D.Pa.1976); *J. B. Klein Iron & Foundry Co. v. Midland Steel & Equipment Co.,* 83 P.2d 157, 159 (Okl. 1938); 1 Corbin on Contracts § 31, at 124 (1963); 1 Williston on Contracts, 3d · ed. § 28, at 68 (1957). Summary judgment is therefore inappropriate and said Motion should be overruled. Rule 56, Federal Rules of Civil Procedure; *see, e. g., Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Harsha v. United States,* 590 F.2d 884 (10th Cir. 1979); *Madison v. Deseret Livestock Co.,* 574 F.2d 1027 (10th Cir. 1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202 (10th Cir. 1977).