Kennith L. HOWELL, Appellee,

v.

Pete JAMES, Appellant.

No. 70373.

Supreme Court of Oklahoma.

May 14, 1991.

As corrected May 22, 1991.

Rehearing Denied Nov. 4, 1991.

Robert P. Kelly, Kelly & Gambill, W. Robert Wilson, Wilson, Payne & Hampton, Pawhuska, for appellee.

Denzil D. Garrison, William W. Busby, Garrison, Brown, Carlson & Buchanan, Barltesville, Shockley T. Shoemake, Shoemake & Shoemake, Pawhuska, for appellant.

SUMMERS, Justice:

We granted certiorari to review the unpublished opinion of the Court of Appeals which in effect and result upheld the common law doctrine of election of remedies. Because we find this doctrine to be severely limited by the Oklahoma Pleading Code, 12 O.S.Supp.1984 § 2008(E)(2), we reverse and remand this case to the trial court for further proceedings.

## I. FACTS

On July 31, 1984, Howell, as seller, entered into a contract with James, as buyer, for the sale of several oil and gas leases and equipment. The parties agreed to formalize the terms of the contract at a later time. However, in a "memorandum for agreement," the parties agreed to a price of $500,000.00, half of which was to be paid by James when he took possession of the property. James paid the $250,000.00, and took possession of the property. The remaining money was to be paid before March 15, 1985.

On August 21, 1984, the parties signed a formal agreement. It is disputed whether this formal agreement accurately reflected the earlier agreement of the parties. James states that he signed the agreement after being told by Howell's attorney that it was identical to the earlier memorandum. While there are many items in the contract which are disputed by the parties, the major question involved the grant of a security interest in the property which was the subject of the contract. Howell contends that a security interest was contemplated by the parties in the memorandum. James disagrees, stating that he never intended the property to be subject to a security interest. Because of these disputes, James refused to pay the remaining $250,000.00 which was due on March 15, 1985, and Howell refused to deliver title to the property.

Thereafter, Howell filed suit, asking for payment under the contract. James filed a counterclaim, seeking reformation of the contract, or rescission thereof, and also setting up the defenses of breach of contract and failure of consideration. The parties agreed to try the issue of reformation first, and to the court as a claim in equity. James' attorney specifically reserved the right to continue with the other claims and defenses after the trial of the reformation issue. After hearing evidence from both parties, the trial judge refused to reform the contract, holding that James had failed to meet the "clear and convincing" standard required for reformation. Thereafter, Howell moved for summary judgment, urg-

ing that James could not rely on alternative theories of recovery because of the doctrine of election of remedies. He urged that because judgment had been entered against James with regard to the reformation issue, James was precluded from seeking rescission or asserting breach of contract or failure of consideration, inasmuch as such alternate theories were inconsistent. The trial court agreed and entered judgment against James for $250,000.00 plus interest.

The Court of Appeals, Division I, issued an unpublished opinion affirming the ruling of the trial court.[1] The Court of Appeals agreed that inconsistent pleadings appeared to be permissible under the Oklahoma Pleading Code. However, the court determined that trial court's ruling on reformation precluded judgment in favor of James on any theory. The effect of this ruling was to perpetuate, at least for this case, the doctrine of election of remedies. From this, James petitioned for certiorari, which we granted on May 29, 1990. We reverse and remand to the trial court for further proceedings.

## II. ELECTION OF REMEDIES

■ Historically, courts have recognized the common law doctrine of election of remedies as a procedure to prevent a litigant from recovering twice for the same injury. *See Bernstein v. United States,* 256 F.2d 697, 705 (10th Cir.1958). In essence, the doctrine requires that an aggrieved person with a choice of two or more inconsistent remedies must elect one of the remedies to the exclusion of the other. *Id.* "A man cannot at the same time blow hot and cold." *Smith v. Baker,* L.R. 8 C.P. 350, 357, 5 Eng.Rep. 323 (1873), quoted in Fraser, *Election of Remedies: An Anachronism,* 29 O.L.R. 1 (1976) (hereinafter cited as *An Anachronism*). The doctrine of election of remedies

[R]ests upon the principle that he who seeks equity must do it, and means, as

the term is ordinarily used, that where two inconsistent or alternative rights or claims are presented to the choice of a party, but a person who manifests the clear intention that he should not enjoy both, then he must accept or reject one or the other. *Fort Vancouver Plywood Co. v. United States,* 860 F.2d 409, 414–15 (D.C.Cir.1988) quoting *Peters v. Bain,* 133 U.S. 670, 695 [10 S.Ct. 354, 362, 33 L.Ed. 696] (1890).

Although an equitible theory, the doctrine has been widely criticized as "harsh and not a favorite of equity." *Bernstein,* 256 F.2d at 705; *Fort Vancouver Plywood Co.,* 860 F.2d at 414. The harshness of the doctrine is evidenced by the fact that a party is forced to choose a single legal theory at his peril, and frequently before such a choice can be intelligently made. It is generally now agreed that the doctrine should be abandoned as a rule of procedure. *An Anachronism,* at 3. The doctrine has been abandoned in England because of procedural reforms which allow for joinder of parties and claims. *Id.*

Until the adoption of the Oklahoma Pleading Code in 1984 Oklahoma followed the traditional view requiring election of remedies. This doctrine has been uniformly applied to petitions, answers and counterclaims. *See Small v. Comer,* 171 Okl. 418, 43 P.2d 716, 718 (1935); *Gypsy Oil Co. v. Colbert,* 179 Okl. 321, 65 P.2d 505, 510 (1937). While the doctrine has often been confused with the substantive doctrine of estoppel, it differs from estoppel in that "reliance" is not required. It is a procedural rule which requires an election between substantive legal theories, regardless of estoppel. *See An Anachronism,* at 4–5; 25 Am.Jur.2d *Election of Remedies* § 4 (1981).

The vitality of this doctrine was called into question after the enactment of the Federal Rules of Civil Procedure. Specifically, Federal Rule 8(e)(2) allowed for the pleading of inconsistent theories and de-

---

**1.** We do not address the trial court's resolution of the reformation issue because the issue was not raised in the petition for certiorari. *See Johnson v. Wade,* 642 P.2d 255, 258 (Okla.1982).

That part of Court of Appeals opinion affirming the trial court's denial of the prayer for reformation remains undisturbed by this opinion.

fenses. Federal courts have since held that Rule 8(e)(2) eliminates or severely restricts the doctrine of election of remedies. *Allstate Ins. Co. v. James*, 779 F.2d 1536, 1540 (11th Cir.1986); *Brookhaven Landscape & Grading Co. v. J.F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982); *Little v. Texaco Inc.*, 456 F.2d 219, 220 (10th Cir.1972); *Landsing Properties v. OKC Apartments, LTD.*, 496 F.Supp. 5, 6 (W.D.Okla.1979). As Professor Fraser stated, election of remedies is an "anachronism that should not have survived the adoption of code pleading." *An Anacronism*, 29 O.L.R. at 1; *see generally* 25 Am. Jur.2d *Election of Remedies* § 3 (1981).

■ "Under Rules 8(a)(3) and 8(a)(2), Federal Rules of Civil Procedure, a party may demand relief in the alternative or of several different types. No election is necessary at the pleading stage." *Landsing*, 496 F.Supp. at 6. Some courts have held that an election may be required before judgment is rendered so as to avoid inconsistent judgments, but it is agreed that no election is required at the pleading stage of the litigation. *Id.; see also Brookhaven Landscape*, 676 F.2d at 523.

■ In 1984, the Oklahoma legislature enacted a pleading statute similar to the federal rule. Title 12 O.S.Supp.1984 § 2008(E)(2) reads:

2. **A party may set forth, and at trial rely on, two or more statements of a claim or defense alternately or hypothetically,** either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. **A party may also state as many separate claims or defenses as he has regardless of consistency** and whether based on legal or equitable grounds.... (Emphasis added)

The Oklahoma version is very similar to Federal Rule 8(e)(2) with one important exception. Our rule contains the additional language "and at trial rely on", which clarifies the intent of the legislature that a litigant be allowed not only to plead inconsistently, but also be allowed to rely on inconsistent theories or defenses throughout the trial. *See* Fraser, *Pleading Under the New Oklahoma Code*, 55 O.B.J. 1866, 1869 (1983). Clearly, the enactment of Section 2008(E)(2) operates to limit the application of the doctrine of election of remedies. A litigant may plead inconsistent defenses, and rely on these defenses throughout the trial. While inconsistent judgments or double recovery may not be permissible, the party is not prevented from fully litigating the inconsistent theories or defenses at trial.

One example of the use of this new procedural rule is found in *Landsing Properties v. OKC Apartments Ltd., supra.* In *Landsing*, the plaintiff asserted two causes of action seeking alternative remedies of specific performance and damages. The defendant moved the court to force the plaintiff to make an election between the remedies. The court refused, pointing out that Rule 8(e)(2) allowed the plaintiff to assert inconsistent remedies during the pleading stage of the litigation. *Landsing* is similar to the present case insofar as both involved a contract action and inconsistent remedies. Under *Landsing* and the federal rule, a litigant should be permitted to plead the inconsistent remedies. However, under the Oklahoma version of Rule 8(e)(2), the litigant must also be permitted to rely on these inconsistent defenses at trial. *See Pleading Under The New Oklahoma Code*, at 1869.

Howell urges that election of remedies is still a viable doctrine in Oklahoma, and should work to defeat James' assertion of rescission, breach of contract and failure of consideration. As support for his argument, Howell cites *Freemon v. Pearce*, 133 Okl. 41, 270 P. 1095 (1928) and *Delzell v. Couch*, 150 Okl. 207, 299 P. 913 (1931), which applied the doctrine of election of remedies. Relying on these and other early cases, Howell asserts that Rule 2008(E)(2) does not limit or nullify the doctrine.

■ We must disagree. The Committee Comment to Section 2008 cites Professor

**448**

Fraser's article *An Anachronism* and states that Section 2008(E)(2) was enacted to

> [P]ermit the assertion of inconsistent facts or theories in recognition that 'inconsistency in pleadings does not necessarily mean dishonesty, and that frequently a party, in good faith, must assert contradictory statements where he legitimately is in doubt about the factual background of his case or the legal basis for his recovery or defense.' 12 O.S.Supp.1984 § 2008 Committee Comment. (Citation omitted)

These comments show that the intent of the legislature was to allow a party to rely on inconsistent theories rather than to force the litigant to elect a single legal theory. "The availability of alternative and hypothetical pleadings allows flexibility in pleading and furthers the goal of allowing a full presentation of all relevant facts and legal theories at trial." *Id.* Our conclusion that the relaxation of the doctrine extends beyond the mere pleadings phase is made abundantly clear in the statutory language "and at trial rely on two or more statements of a claim or defense alternately...." 12 O.S.Supp.1984 § 2008(E)(2). There can be no question but that the doctrine of election of remedies was severely limited by this enactment.[2]

█ James repeatedly asserted his right to litigate the issue of rescission. While he agreed to a bifurcated proceeding which would first litigate the question of reformation, he stated that he intended to preserve the other theories including the affirmative defenses asserted in his answer. However, after judgment for Howell was rendered as to the reformation issue, the trial judge granted summary judgment in favor of Howell as to rescission, breach of contract and lack of consideration, based on the election of remedies doctrine. This ruling disregarded Section 2008(E)(2) and relied on a doctrine that has been drastically curtailed by the Pleading Code.

Howell urges that once the facts regarding reformation were determined by the trial court, the remaining claims and defenses had been adjudicated. Again we disagree. Not only are different legal elements involved for these theories and defenses, but also different burdens of proof which are lesser than that required for reformation. *See Womble v. Mahoney*, 383 P.2d 26, 29 (Okla.1963); *Fabbro v. Reese*, 206 Okl. 655, 246 P.2d 324, 326 (1952). These issues do not necessarily hinge on the outcome of the reformation issue. They are independent, alternative theories of recovery or defense which may now statutorily be purused.

Accordingly, the Court of Appeals' opinion is vacated except insofar as it affirms the trial court's denial of the prayer for reformation. The trial court's order granting summary judgment in favor of Howell is reversed and the matter is remanded to the District Court for further proceedings.

HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

OPALA, C.J., and ALMA WILSON and KAUGER, JJ., concur in result.

---

**2.** We recognize that the Oklahoma Pleading Code was enacted (effective Nov. 1, 1984) after the parties entered into this agreement, but neither party raises the question of the applicability of Section 2008(E)(2) to the case. We believe that its application is appropriate because "the general rule that statutes will be construed as prospective only does not apply to statutes affecting procedure." *Fleming v. Baptist Gen. Convention*, 742 P.2d 1087, 1092 (Okla.1987); *see also First City Bank v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1130 (10th Cir.1987) (applied 12 O.S.Supp.1984 § 2004(f) to an action commenced before the statute became effective).