## GARLAND v. ZEBOLD et al.

No. 12561—Opinion Filed Feb. 19, 1924.

1. **Abstracts of Title — Negligence of Abstracter—Where Cause of Action Accrues.**

A cause of action against an abstracter of titles for giving a wrong or false certificate of title, accrues at the date of the delivery of the abstract and certificate, and not at the time the negligence is discovered or consequential damages arise.

2. **Same—Basis of Liability Contractual.**

It is the breach of the contract of employment whereby the abstracter agrees to furnish a true and correct abstract of title, that gives rise to a cause of action against an abstracter and his bondsmen for damages occasioned by the furnishing of a wrong or false certificate of title. The abstracter's bond does not give rise to the cause of action; it is merely a collateral security for the enforcement of the cause of action.

3. **Same—Limitation of Actions.**

Where the contract of employment, for the

# GARLAND V. ZEBOLD

furnishing of an abstract of title, is oral, and the abstracter furnishes a false or erroneous certificate of title, resulting in damages, the cause of action against the abstracter and his bondsmen is barred by the statute of limitations, unless the action is begun within three years from the date of delivery of the abstract and certificate of title.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Haskell County; E. F. Lester, Judge.

Action by Columbus Garland against E. M. Zebold et al. Judgment for defendants, and plaintiff brings error. Affirmed.

E. O. Clark, for plaintiff in error.

Ezra Brainerd, Jr., Charles P. Gotwals and Guy A. Curry, for defendants in error.

Opinion by JARMAN, C. This action was commenced in the district court of Haskell county on May 25, 1919, by the plaintiff against the defendants to recover damages for alleged false and erroneous certificate to a certain abstract.

The plaintiff alleges, in his petition, that E. M. Zebold was engaged in the abstract business during the year 1916, and that his codefendants, R. A. Zebold and H. D. Price, are sureties on the abstracter's bond of said E. M. Zebold; that on March 26, 1916, the plaintiff employed the defendant E. M. Zebold to make an abstract of title to a certain tract of land in Haskell county which the plaintiff had contracted to purchase from Davis Garland, and that said E. M. Zebold, under the terms of said employment, which were oral, made said abstract and attached her certificate thereto and delivered the same on March 26, 1916, and, in said certificate, the abstracter recited that there were no judgments of record against the owner of the lands abstracted; that the plaintiff, upon the strength of the title to said land, as shown by the abstract, purchased the same from Davis Garland, whom the abstract showed to be the owner of said land; that on October 25, 1916, after purchasing said property, the plaintiff was compelled to pay a judgment of $341.23, which the Fort Smith Cotton Oil Company procured against Davis Garland, and which judgment was duly filed of record in the office of the court clerk of Haskell county at and prior to the time E. M. Zebold made said abstract.

To this petition the defendants filed a demurrer, alleging that said petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff, and that said petition showed on its face that the plaintiff's cause of action is barred by the statute of limitations. Said demurrer was sustained and judgment was rendered for the defendants, from which the plaintiff brings error.

The one question raised on appeal is: Is the plaintiff's cause of action barred by the statute of limitations?

The plaintiff contends that this is an action upon the official bond and is governed by subdivision 5 of section 185, Comp. Stat. 1921, which provides:

"Fifth: An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff or any other officer, or upon the bond or undertaking given in attachment, injunction, arrest, or in any case whatever required by the statute, can only be brought within five years after the cause of action shall have accrued." Section 4657, Rev. Laws 1910; sec. 4095, Kan. Stat.

The defendants contend that the plaintiff's cause of action is based upon the oral contract of employment made and entered into between the plaintiff and E. M. Zebold for the making of said abstract, and that the same is governed by subdivision 2 of section 185, Comp. Stat. 1921, which is as follows:

"Second. Within three years: An action upon a contract expressed or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty." Section 4657, R. L. 1910; sec. 4095, Kan. St.

The first question to be disposed of is: When did the plaintiff's cause of action accrue? This question has been passed upon by the Supreme Court of Kansas, from which our statute was taken, and has also been considered by the Supreme Court of this state, and the rule announced is as follows:

"A cause of action against an abstracter of titles for giving a wrong certificate of title accrues at the date of the delivery, and not at the time the negligence is discovered or consequential damages arise." Provident Loan Co. v. Walcott (Kan.) 47 Pac. 8: Walker v. Bowman, 27 Okla. 172, 111 Pac. 319.

So the plaintiff's cause of action accrued on March 25, 1916.

Is this an action based upon the official bond of the abstracter? There has not been any breach of the bond and none is alleged that would give the plaintiff a cause of action against the defendants; but it is the breach of the contract of employment, where-

by the defendant E. M. Zebold undertook and agreed to furnish to the plaintiff a true and correct abstract of title of the lands involved, that caused the wrong and damaged the plaintiff. The bond is, in effect, collateral security to the contract that the abstracter will faithfully and correctly complete and furnish the abstract. If this action had been maintained by the plaintiff against the abstracter, alone, then it is clearly to be seen that the only cause of action the plaintiff would have had against said abstracter would have been based upon the failure of the abstracter to comply with the contract of employment in the making of and delivering a true and correct abstract; and such cause of action would have been barred by the statute of limitation because it would be based upon an oral contract and the suit was not filed within three years after the cause of action accrued. If the cause of action against the abstracter, alone, is barred by the statute of limitations, then said cause of action, as to the sureties on the abstracter's bond, is barred, for their attitude is that they stand merely as sureties of the original contract of employment between the plaintiff and the abstracter.

This question has been determined by the Supreme Court of Kansas in a number of cases and as this statute was taken from the state of Kansas, we are bound by the construction placed thereon by its Supreme Court at the time it was adopted as a part of our statutory law.

The court, in the case of Provident Loan & Trust Co. v. Walcott et al. (Kan.) 47 Pac. 8. lays down the following rule:

"An action against an abstracter of titles, to recover damages for giving false certificates of title, was commenced nearly five years after the abstract was delivered. Held, that the action was barred by the three-year statute of limitations. Civ. Code, 18, subd. 2." Ryus v. Gruble, 31 Kan. 707, 3 Pac. 518; Pretzel v. Fiss, 84 Kan. 720, 115 Pac. 536.

In the body of the opinion, in the case of Provident Loan & Trust Co. v. Walcott, supra, the court uses the following language, which is applicable here:

"As we have said, the wrong committed by Walcott is the real, substantial foundation for plaintiff's cause of action. The bond is virtually only a collateral security for the enforcement of such cause of action. It does not give the cause of action, but the wrong does; and the bond merely furnishes security or indemnity to the person who may suffer by reason of such wrong; and the statute, which gives five years for action to be commenced upon bonds. does not operate to suspend the operation of the other statutes of limitations, or continue in force or revive a cause of action which had already been barred by some of the other statutes of limitation. Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor on a bond, which already operates as a security for this same thing, must necessarily cease to exist. * * *

"We think the real, substantial foundation of the plaintiff's cause of action is the breach of the contract of employment, and therefore falls within the second subdivision of paragraph 4095, being an action upon a contract not in writing, and was barred within three years from the date of the delivery of the certificate, which is admitted to have been on March 25, 1890."

The plaintiff's cause of action, as shown by the allegations of his petition, is barred by the statute of limitations and the demurrer to said petition was properly sustained.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.