Note.—See under (1) 4 C. J. § 2985 (1926 Anno); (2, 3, 4) 35 Cyc. p. 408; (5) 35 Cyc. p. 412; (6) 35 Cyc. p. 465.

---

## FREEMAN v. WILSON et al.

No. 13841—Opinion Filed Dec. 16, 1924.

### Limitation of Actions—Suit on Abstracter's Bond—Demurrer Properly Sustained.

A suit against an abstracter and surety on an abstracter's bond must be brought within three years after the cause of action accrues. Such cause of action accrues at the date of the delivery of the abstract. and it is proper to sustain a demurrer to a petition which affirmatively discloses that such cause of action is barred by the three years 'statute of limitations.

(Syllabus by Lyons, C.)

Commissioners' Opinion. Division No. 2.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by L. Z. Freeman against E. A. Wilson and others. Judgment for defendants. and plaintiff brings error. Affirmed.

A. C. Sewell and Moore & Harries, for plaintiff in error.

Arnote, McCain & Emery, for defendants in error.

Opinion by LYONS, C. The parties will be designated as in the court below. This suit was brought to recover damages alleged to have been sustained by reason of incompleteness and imperfections of an abstract and error made by an abstracter in compiling an abstract. The suit is brought against the abstracter and the sureties on the abstracter's statutory bond. It appears affirmatively from the face of the plaintiff's petition that more than three years have elapsed between the furnishing of the abstract and the filing of the suit. The trial court sustained a demurrer to the petition on the theory that the cause of action stated in the petition was barred by the statute of limitations, and that sufficient facts appeared on the face of the petition to

disclose such bar. The appellant contends that the trial court made an error in applying the three year statute of limitations and should have applied the five year statute of limitations, which ordinarily is applicable to suits on written instruments. However, this question is no longer open in this court, having been settled in the decision in the case of Garland v. Zebold, 98 Okla. 6, 223 Pac. 682. The able opinion by Commissioner Jarman lays down the rule as follows:

"A cause of action against an abstracter of titles for giving a wrong or false certificate of title, accrues at the date of the delivery of the abstract and certificate, and not at the time the negligence is discovered or consequential damages arise.

"It is the breach of the contract of employment, whereby the abstracter agrees to furnish a true and correct abstract of title, that gives rise to a cause of action against an abstracter and his bondsmen for damages occasioned by the furnishing of a wrong or false certificate of title. The abstracter's bond does not give rise to the cause of action; it is merely a collateral security for the enforcement of the cause of action.

"Where the contract of employment for the furnishing of an abstract of title, is oral and the abstracter furnishes a false or erroneous certificate of title resulting in damages, the cause of action against the abstracter and his bondsmen is barred by the statute of limitations, unless the action is begun within three years from the date of delivery of the abstract and certificate of title."

This rule is in accord with the decisions of the Supreme Court of Kansas on a similar statute. See Ryus v. Gruble, 31 Kan. 767, 3 Pac. 518; also Board of County Commissioners v. Van Slyck, 52 Kan. 622, 35 Pac. 299.

Therefore the decision of the trial court in sustaining the demurrer to the plaintiff's petition was proper and must be affirmed.

By the Court: It is so ordered.

Note.—See 1 C. J. § 5; 25 Cyc pp. 1043, 1117.