## THOMAS FRUIT CO. v. LEVERGOOD.

No. 18911.    Opinion Filed Feb. 5, 1929.

Goode & Dierker, for plaintiff in error.

F. H. Reily, for defendant in error.

REID, C. The plaintiff, Thomas Fruit Company, in its amended petition, stated its cause of action in great detail, but it, in substance, alleged that it was a copartnership composed of J. J. Thomas and J. W. Thomas, doing business in Wichita Falls, Tex.; that plaintiff was the owner of a Ford car which was stolen by persons unknown to it, and brought, on March 21, 1926, to Shawnee, Okla., and there recovered by the police of said city, who were holding it for the purpose of ascertaining the owner of the car, when the defendant, John T. Levergood, who was the police judge of Shawnee, and an attorney, entered into a conspiracy with S. O. Martin, his codefendant, to convert said car to their use and appropriate the proceeds from a sale thereof; that, in furtherance of this plan and conspiracy, the defendant, Levergood, pretended to act as attorney for Martin, and filed a pretended

bill of particulars in the justice court at Tecumseh with Martin as plaintiff, and named as defendants John Doe and Richard Roe; that in said suit the plaintiff, Martin, set up a false, fraudulent and fictitious claim for damages against the nonexistent defendants for the sum of $100 in pursuance of the plan and agreement of said attorney and client. The petition alleged the steps by which proceedings were had in said justice court under which said automobile was sold, and attached copies of the same as exhibits to the petition, but the petition further stated that the proceedings were not in good faith, but were issued and taken by the defendants Levergood and Martin, for the sole purpose of giving their action the semblance of legality and assisting them in their conspiracy to convert the property of this plaintiff; that the attorney and his client in said action knew that the automobile was not the property of any person liable to the plaintiff therein in any amount, but notwithstanding this knowledge, they caused judgment for Martin's fraudulent and fictitious claim, had it sold thereunder, divided the proceeds of such sale, and thereby caused the car to be taken where it could not be found by the plaintiff after diligent inquiry; that plaintiff had no knowledge of the suit in the justice court, and only learned of such proceeding a short time before beginning this action. Plaintiff then prayed for judgment against the defendants for actual and punitive damages in amounts stated.

A general demurrer of the defendant, Levergood, directed against the amended petition of plaintiff was sustained by the court and the petition as to him dismissed, and thereupon the plaintiff elected to stand upon the petition, gave notice of appeal, filed in this court a transcript, and assigned as error the foregoing action of the superior court.

The principles of law decisive of this appeal have been announced by this court in the case of Anderson et al. v. Canady, 37 Okla. 171, 131 Pac. 697. In that case the plaintiff, Canady, brought action in the district court of Woodward county against A. W. Anderson, an attorney, and one J. W. Holmes, alleging that plaintiff was a resident of the state of Oklahoma at the time he was employed by the Sante Fe Railway Company; that theretofore said company became liable to him for wages which were exempt from garnishment under the laws of Oklahoma to him as a married man; that the defendants Holmes and Anderson, knowing of such exemption in the state of Oklahoma, combined and confederated to defeat and defraud the plaintiff's rights of exemption by bringing an action in the state of Missouri, wherein they garnished said railroad company and appropriated the wages of plaintiff without service of summons or process upon the plaintiff, who was the defendant in the Missouri action. After discussing the liability of the client, the court, proceeding to the liability of the attorney, said:

"It is contended, however, that though the creditor might be liable, his attorney is not. An attorney is not ordinarily liable for the acts of his client. The fact that through ignorance he gives his client bad advice, on which he acts to the hurt of another, will not make the attorney liable to that other. But where the attorney is actuated by malicious motives or shares the illegal motives of his client, he becomes responsible."

And thereafter in the opinion are cited cases from other jurisdictions supporting the conclusions announced in this language:

"The petition in this case alleges that Holmes and Anderson combined and confederated together, in order to defeat and defraud the rights of the plaintiff under the exemption laws of the state of Oklahoma by bringing an action in the state of Missouri. It stated a cause of action.

"It is urged that to allow the plaintiff in this case to recover would be to refuse full faith and credit to the judgment rendered in the state of Missouri. This contention cannot be maintained. No personal judgment was obtained against the plaintiff in Missouri. He was never served with process. He did not appear there. The judgment there would not be the basis for a cause of action in the state of Oklahoma."

The last quoted paragraph in the foregoing opinion also answers in principle the suggestion made by this defendant in his brief that, as the proceedings in the justice court under which the car was taken and sold were regular on their face as disclosed by the exhibits attached to the plaintiff's petition, the attorney would not be liable. The plaintiff in the case at bar was in no way a party to the action in the justice court, and whether the proceedings were regular or irregular could not affect its rights.

The foregoing case and the subsequent decision of Waugh v. Dibbens, 61 Okla. 221, 160 Pac. 598, furnish sufficient guidance for the courts of this state to determine the rights of attorneys when properly pursuing the business of their clients, as well as stating the rule by which their liability to third

persons may also be ascertained. The petition in this case, when measured by the foregoing authorities, must be held to state a cause of action against the defendant, Levergood, as well as against his codefendant, Martin.

This cause should be reversed, with directions to the trial court to reinstate the amended petition and proceed in accordance with the views herein expressed.

BENNETT, TEEHEE, LEACH and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—"Attorney and Client," 6 C. J. §114, p. 625, n. 89.