## CLOSE v. COATES et al.

No. 29398. May 7, 1940.

Rehearing Denied May 21, 1940.

*102 P. 2d 613.*

Spiers & Bodovitz, of Oklahoma City, for plaintiff in error.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for defendants in error.

WELCH, V. C. J. Plaintiff alleged that defendants were engaged in the abstract business at the times involved; that two named persons purporting to be the owners of the mineral interests in and to certain lands, on the 7th day of January, 1935, conveyed their interests to J. H. Lieberman, Inc. That at the time of such sale they obtained, in lieu of an abstract and in lieu of an attorney's opinion, a "Royalty Certificate," and that such certificate is in effect and substance a legal opinion of title. A copy of same was attached to the petition.

Plaintiff further alleged that the defendants issued said certificate for a consideration for the express purpose of permitting J. H. Lieberman, Inc., to pay for and subsequently sell said mineral interest to some ultimate purchaser; that plaintiff subsequently, relying upon such certificate, purchased the mineral interest from Lieberman; and that at the time of the issuance of said certificate there was a breach of said contract in that said persons from whom J. H. Lieberman, Inc., purchased owned only a one-half interest in and to the mineral interest.

There are other allegations not necessary to mention. Plaintiff prayed damages for the alleged breach of the alleged contract.

Plaintiff's action was commenced on April 21, 1938. The trial court sustained a demurrer to the petition upon the theory that the alleged cause of action is barred by the statute of limitation (sec. 101, O. S. 1931, 12 Okla. St. Ann. sec. 95, subd. 2) the court concluding that the "Royalty Certificate" is an abstracter's certificate, and presumably concluding further that the matter was governed by the rules announced in Garland v. Zebold, 98 Okla. 6, 223 P. 682, and Freeman v. Wilson, 105 Okla. 87, 231 P. 869, which cases are cited as supporting the trial court's action herein. We quote paragraphs 1, 2, and 3 of the syllabus in Garland v. Zebold, supra, as follows:

"1. A cause of action against an abstracter of titles for giving a wrong or false certificate of title, accrues at the date of the delivery of the abstract and certificate, and not at the time the negligence is discovered or consequential damages arise.

"2. It is the breach of the contract of employment whereby the abstracter agrees to furnish a true and correct abstract of title, that gives rise to a cause of action against an abstracter and his bondsmen for damages occasioned by the furnishing of a wrong or false certificate of title. The abstracter's bond does not give rise to the cause of action; it is merely a collateral security for the enforcement of the cause of action.

"3. Where the contract of employment, for the furnishing of an abstract of title, is oral, and the abstracter furnishes a false or erroneous certificate of title, resulting in damages, the cause of action against the abstracter and his bondsmen is barred by the statute of limitations, unless the action is begun within three years from the date of delivery of the abstract and certificate of title."

The Freeman Case, supra, is to the same effect insofar as is material here.

Plaintiff in error does not attack the rules of the cited cases, but devotes himself solely toward pointing out that the "Royalty Certificate" herein is in fact an opinion of title and is not therefore an abstracter's certificate, as found by the trial court, and not the character of instrument or contract considered by this court in the above cases. He cites no authority to the effect that if the contract here is in fact an opinion of title, a different limitation would apply.

We have made some search of authorities and are convinced that the limitation provision applied in the above-cited cases is here applicable, whether we have for consideration a certificate to an abstract or an opinion of title. This rule is stated in 1 Am. Jur. p. 173, par. 31:

"* * * A statute of limitations in reference to contracts, obligations, or liabilities arising from written instruments, executed by the parties whom it is sought

to charge, does not apply to certificates of title given by a searcher of records, where damages are claimed for his negligence in giving an incorrect certificate."

Note particularly the case of Lattin v. Gillethe (Cal.) 30 P. 545, cited in the footnotes, which we consider peculiarly in point here. See, also, 1 C. J. S. p. 392, § 11, subd. b, and notes.

It is plain from these authorities that the liability arises from the agreement of employment, which is the basis of the application of the three-year statute of limitations in the Garland and Freeman Cases, supra. However, see the provision of section 6, ch. 37, S. L. 1937, 1 Okla. St. Ann. § 18, as to abstracts compiled thereafter.

It follows that the trial court did not err in applying the three-year limitation statute here, and its action and judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.