FIRST NATIONAL BANK OF HARRAH v. WRIGHT et al.

No. 30496. March 9, 1943.

*135 P. 2d 344.*

P. D. Erwin, of Chandler, for plaintiff in error.

Embry & Embry, of Chandler, for defendant in error.

PER CURIAM. This action was instituted on August 1, 1940, by plaintiff in error, hereinafter referred to as plaintiff, against defendants in error, hereinafter referred to as defendants, to foreclose a real estate mortgage which had been executed on August 16, 1931, by Dennis Wright et ux. to secure an indebtedness which became due and payable on August 6, 1933. Plaintiff in its second amended petition alleged that an application which Dennis Wright had prepared and submitted to plaintiff for its inspection and approval and in which plaintiff had assisted by making a loan of necessary inspection fee, and which had then been made to the Com-

missioners of the Land Office on March 18, 1937, for a new loan on the mortgaged premises, constituted an acknowledgment of the debt which had interrupted the statute of limitations and started it running anew. The trial court sustained a demurrer to said second amended petition and dismissed the action, and plaintiff appeals.

As grounds for reversal of the order and judgment, the plaintiff submits four propositions. We find it necessary to consider only the contention with respect to the sufficiency of the second amended petition to withstand a demurrer by reason of the allegation therein that the bar of the statute had been tolled by the admissions contained in the application which Dennis Wright had made to the Commissioners of the Land Office for a new loan on the mortgaged premises after it had been submitted and approved by the plaintiff.

By statute, 12 O. S. 1941 § 101, it is provided:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

The written acknowledgment required must be a direct and unequivocal admission of a pre-existing debt for which the party signing the admission is liable. Noble v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046; Olatmanns v. Glenn, 78 Okla. 70, 188 P. 887; American Surety Co. of New York v. Steele, 84 Okla. 166, 203 P. 1043. The acknowledgment when made in the manner above provided tolls the statute and starts it running anew from the date of the admission.

As said in York v. Long, 186 Okla. 643, 99 P. 2d 1041:

"Where a memorandum, which tolls the statute of limitations, is executed before the mortgage debt is barred by the statute, the cause of action is based upon the original note and mortgage, and not on the memorandum.

"A memorandum, tolling the statute of limitation on a note and mortgage, has the effect of removing the bar to the remedy, but is not a part of the cause of action on the note and mortgage."

Where, under the pleadings, it is shown that such acknowledgment and admission has been made, it is error to sustain a demurrer to such petition. Markovitch v. McGowan, 183 Okla. 272, 81 P. 2d 311; Baker v. Christy, 172 Okla. 32, 44 P. 2d 16.

In the application which Dennis Wright made to the Commissioners of the Land Office on March 18, 1937, which was executed before the bar of the statute had run against the mortgage debt, there was a direct and unequivocal admission that the mortgage held by the plaintiff was a first lien on the land therein described, and that the indebtedness secured thereby was a present and existing debt of Dennis Wright, the party signing such application. This admission satisfied the requirements of the statute, supra, and under decisions cited rendered the second amended petition of plaintiff sufficient to withstand the demurrer interposed by the defendants.

The cause is therefore reversed and remanded, with directions to overrule the demurrer and to take such other and further action as right and justice may require.

GIBSON, V.C.J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., concurs in conclusion. CORN, C. J., and RILEY, J., absent.