## VOGEL v. RUSHING.

No. 33377. Dec. 13, 1949.

*212 P. 2d 665.*

G. T. Ralls, of Coalgate, for plaintiff in error.

H. M. Shirley, of Coalgate, for defendant in error.

HALLEY, J. Sam Vogel instituted this suit in the district court of Coal County against Roy L. Rushing to recover the sum of $100, less a credit of $2, alleged to be due upon account. The plaintiff alleged that he was entitled to recover this amount as the assignee of his brother, Snyder Vogel, who is alleged to have advanced and loaned to Roy L. Rushing this sum by check; that defendant agreed to repay such amount within a few days, with 6 per cent interest from December 24, 1943. Copy of assignment from Snyder Vogel to Sam Vogel, with power to sue thereon, was attached to the petition as an exhibit.

The defendant, Roy L. Rushing, answered by general denial, and alleged that about the date of the alleged loan by Snyder Vogel, he had entered into negotiations to purchase some 208 acres of land for a consideration of $800, and proposed to borrow such sum from Snyder Vogel for a term of four years with interest at 7 per cent, to be secured by mortgage on the land, and that as a part of the consideration for such loan, Snyder Vogel required him to agree verbally to transfer a one-fourth interest in the oil, gas and other minerals in the land to him; that he agreed to this requirement and continued negotiations for the purchase of the land, relying upon Snyder Vogel's promise to make the loan for $800, and that he did receive a check from Snyder Vogel for $100, which he endorsed and delivered to H. D. Parsons of McAlester, Oklahoma, who was to apply it upon the purchase price of the land.

Defendant further alleged that an oil well was being drilled near the land, and came in as a dry hole before he could close the deal, whereupon Snyder Vogel refused to carry out his agreement to complete the loan for $800; that defendant offered to carry out his part of the agreement, but that Snyder Vogel refused to advance the additional $700,

and defendant was forced to secure a loan from another source. He alleged that he had never agreed to borrow the sum of $100 only, but had arranged for a loan of $800 from Snyder Vogel, and that due to Vogel's refusal to carry out his part of the agreement, the defendant was required to make several trips and telephone calls, to use his automobile, and lost time from his work, all to his damage in the amount of $150. He alleged that Snyder Vogel had forfeited his right to recover any money advanced on their contract and was indebted to the defendant for damages resulting from the failure of Mr. Vogel to carry out his part of the contract.

The prayer of the answer is that the plaintiff take nothing, and that the defendant be discharged with his costs.

Plaintiff filed a demurrer to the answer, including the general allegations concerning expenses in trying to negotiate a loan through H. D. Parsons, telephone calls, use of his auto, and loss of time, and the allegation that Snyder Vogel had forfeited his right to recover any money advanced by him by reason of failure to perform his part of the contract, resulting in the alleged damages in the sum of $150 to the defendant.

The record shows that the demurrer was overruled in part, but sustained as to the allegations of damages suffered by the defendant.

The parties will be referred to as they appeared in the trial court, and for convenience the term "plaintiff" will include Sam Vogel, the actual plaintiff, and his assignor, Snyder Vogel, except where one or another is referred to by name.

Plaintiff then replied to defendant's answer, and denied the allegations relative to the agreement for an $800 loan, and re-alleged that Mr. Vogel had agreed to lend only the $100 advanced to defendant. Plaintiff does admit that he agreed to secure a loan to the defendant for $800, provided the title to the land was good and merchantable,

but that when his attorney examined the abstract, he did not approve the title, and that the seller refused to perfect the title and the deal was called off. He stated that later, the defendant accepted the title and used the $100 loaned by the plaintiff toward paying the purchase price of the land.

Plaintiff further alleges that the defendant had agreed several times to pay him the $100, and also agreed to give plaintiff a note therefor, to which plaintiff agreed, but that defendant failed to sign and deliver the note. The defendant had offered $90 in settlement of the debt, but later refused to pay the plaintiff any sum whatever. The defendant had secured a loan elsewhere to pay for the land, and denied failure on his part to carry out any agreement made by him with the defendant.

The evidence clearly showed that the defendant had agreed to pay plaintiff the $100, but had failed to do so, and that the plaintiff had advised with the defendant before accepting an assignment of the account from his brother, Snyder Vogel, and that the defendant had said it was agreeable with him for the plaintiff to take an assignment of the account, and for the plaintiff to secure all the papers concerning the matter from Snyder Vogel. The evidence showed beyond question that defendant did borrow $100 from Snyder Vogel and had never repaid it, but that the defendant was entitled to a $2 credit.

The trial judge, in his statement of the issues of the case to the jury, included therein the allegation of the $150 damage that defendant claimed to have sustained, which had been stricken from defendant's answer, and also included in the statement of the issues that defendant prayed for a judgment against plaintiff in the sum of $150 and for his costs, when no such relief was asked for in defendant's answer. The jury returned a verdict for the defendant and judgment was entered therein.

We have held in many cases that it is the duty of the trial court on its own motion to properly instruct the jury upon the decisive issues made by the pleadings and evidence introduced at the trial, and a failure to do so constitutes fundamental error, and this error of the court will be reviewed even though exceptions were not taken to the court's action. Liberty National Bank of Weatherford, Okla., v. Semkoff, 184 Okla. 18, 84 P. 2d 438; Petty et al. v. Frank et al., 194 Okla. 382, 151 P. 2d 926; First National Bank of Mounds v. Cox, 83 Okla. 1, 200 P. 238; Oklahoma Producing & Refining Corp. of America v. Freeman, 88 Okla. 166, 212 P. 742. In our opinion this misstatement of the issues misled the jury and necessitates a reversal of this case.

Judgment reversed, with directions to grant a new trial.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.

